Argued March 8, affirmed March 15, 1927.

# STATE *v.* JOHN DOE BARRETT ET AL.

### (254 Pac. 198.)

**Criminal Law—Supreme Court Would not Review Trial Court's Finding, Warranted by Evidence, That Defendant Consented to Postponement of Trial Under Indictment (Or. L., § 1701; §§ 6838–6854, as Amended by Laws 1921, p. 790).**

1. The Supreme Court would not review the trial court's finding, warranted by evidence, that defendant consented to postponement of his trial under an indictment returned at the May (1925) term, charging him with offering securities for sale without a permit, in violation of Sections 6838–6854, Or. L., as amended by Laws of 1921, page 790, to the December (1925) term, on a motion for dismissal under Section 1701, providing for dismissal, where accused is not brought to trial at the next term.

**Criminal Law—Trial Court's Preliminary Findings of Fact Held not Reviewable, Where No Palpable Error or Abuse of Discretion Appears.**

2. Determinations of fact by the trial court in passing on motions preliminary to trial are not open for review on appeal, unless error is palpable and abuse of discretion is clear.

**Criminal Law—Papers Procured Without Legal Process by Private Person from Defendant's Bailee Held Admissible in Prosecution Under Blue Sky Law, Over Objection to Testifying Against Self (Const., Art. I, § 12; Or. L., §§ 6838–6854, as Amended by Laws 1921, p. 790).**

3. In prosecution under Blue Sky Law (Or. L., §§ 6838–6854, as amended by Laws 1921, p. 790) for unlawfully offering securities for sale, it did not violate the privilege afforded defendant by Constitution, Article I, Section 12, from testifying against himself, to admit over objection material letters, a telegram, and stock certificate delivered voluntarily, whether rightfully or not, by defendant's bailee to a private person.

**Licenses—Papers Held Admissible in Prosecution Under Blue Sky Law, Irrespective of Means of Procurement by Private Person Without Legal Process from Defendant's Bailee (Or. L., §§ 6838–6854, as Amended by Laws 1921, p. 790).**

4. Papers entrusted by defendant and another to custody of bailee during defendant's temporary absence *held* admissible in prosecution under Sections 6838–6854, Or. L., as amended by Laws of 1921, page 790, prohibiting offering corporate securities for sale without permit, irrespective of the rightful or wrongful act of a private person in obtaining them on his own initiative without legal process.

---

3. Privilege of witness against being compelled to testify as to violation of Blue Sky Law, see note in 30 A. L. R. 1344.

**Witnesses—Privilege of Defendant from Testifying Against Himself Applies Only Against Governmental Action of State (Const., Art. I, § 12).**

5. The privilege from testifying against himself, afforded defendant in a criminal prosecution by Constitution, Article I, Section 12, applies only against governmental action of the state or its agencies, not to action of private individuals acting on their own initiative; the defendant being privileged from producing the evidence, but not from its production.

**Criminal Law—Jury's Verdict on Convincing Evidence, in Prosecution Under Blue Sky Law, was Conclusive That Corporation, not President, Owned Stock (Or. L., §§ 6838–6854, as Amended by Laws 1921, p. 790).**

6. Where convincing evidence showed that money from sale of stock was all paid over to, and used by, corporation, and evidence of president's ownership was slight, jury's verdict in prosecution of president under Blue Sky Law (Or. L., §§ 6838–6854, as amended by Laws 1921, p. 790), was conclusive determination of corporation's ownership.

**Licenses—Continuous Transactions, Resulting in Sale to Public at Par of Stock Having Slight Value, Constituted Defendant "Dealer" Within Blue Sky Law (Or. L., § 6838, as Amended by Laws 1921, p. 790).**

7. Defendant in prosecution was a "dealer" within Blue Sky Law (Or. L., § 6838, as amended by Laws 1921, p. 790), where his course consisted of repeated and continuing transactions looking to sale and transfer of stock to the public, and stock of slight value was repeatedly sold to the public at par.

Criminal Law, 16 C. J., p. 448, n. 51, p. 567, n. 87, 88 New; 17 C. J., p. 231, n. 69, p. 255, n. 53, p. 271, n. 31.
Licenses, 37 C. J., p. 279, n. 73.

From Multnomah: DALTON BIGGS, Judge.

Department 1.

AFFIRMED.

For appellant there was a brief and oral argument by *Mr. Guy L. Wallace.*

For respondent there was a brief and oral argument by *Mr. Jay H. Stockman,* Deputy District Attorney.

5. See 28 R. C. L. 438.
7. "Blue Sky Laws," see note in 30 A. L. R. 1331.

RAND, J.—The defendant was convicted under an indictment which charged him with unlawfully offering corporate securities for sale contrary to the provisions of Sections 6838–6854, Or. L., as amended by Chapter 400, Laws of 1921. At the time the indictment was returned, defendant was out of the state and upon being advised thereof, he voluntarily returned and surrendered himself into custody and thereupon was duly admitted to bail.

1, 2. The indictment was found and returned at the May (1925) term of the Circuit Court for Multnomah County and defendant surrendered himself and was admitted to bail at the following June term of that court. He was not brought to trial at the next term after surrendering himself, but was tried at the December (1925) term, after several terms of court had intervened. He moved the court for a dismissal of the indictment, claiming that he was entitled to a dismissal under Section 1701, Or. L., for the reason that he had not been brought to trial at the next term of the court in which his case was triable. Affidavits were filed in his behalf, tending to show that the trial had not been postponed on his application or with his consent, and contrary affidavits were filed tending to show that he had expressly requested and consented to the postponement. In denying the motion the court must necessarily have found that defendant did consent to the postponement of the trial and from the showing made, the evidence was sufficient to sustain such finding and to warrant the court's denial of the motion. In passing upon motions preliminary to trial where questions of fact are involved, the trial court is in a better position to determine the fact than an appellate court, and for that reason, such questions of fact are not open

for review upon appeal unless the error is palpable and there has been a clear abuse of discretion.

3. Defendant's next contention is that the admission in evidence over his objection of certain exhibits, four in number, was error. His brief recites that these exhibits "were secretly obtained by Edna Bell and Caroline Scherer from the private papers of E. J. Barrett and Lynn B. Coovert in the possession of Lynn B. Coovert, which he had entrusted to Le Etta Jones during his temporary absence from Ashland, Oregon, and which Edna Bell, Carolina Scherer and Le Etta Jones (all witnesses for the state) delivered to the District Attorney," and he argues that the admission of these papers in evidence, was a violation of his constitutional rights as guaranteed by Section 12 of Article I of the Oregon Constitution, which provided: "No person shall * * be compelled· in any criminal prosecution to testify against himself." In support of his contention he cites *Weeks* v. *United States,* 232 U. S. 383 (58 L. Ed. 652, 34 Sup. Ct. Rep. 341, Ann. Cas. 1915C, 1177, L. R. A. 1915B, 834), *Gouled* v. *United States,* 255 U. S. 298 (65 L. Ed. 647, 41 Sup. Ct. Rep. 263), *Amos* v. *United States,* 255 U. S. 313 (65 L. Ed. 654, 41 Sup. Ct. Rep. 266), and *State* v. *Laundy,* 103 Or. 492 (204 Pac. 958, 206 Pac. 290).

The facts in relation to the manner in which these exhibits were obtained are substantially these: The Skyline Mining Company was an Oregon corporation, of which the defendant was president; it was incorporated and organized in August, 1924, and had an authorized capital stock issue of $50,000 divided into 500 shares of the par value of $100 each, and at the time of its organization, defendant subscribed for 450 shares thereof, paying for his said subscription by

the transfer of an option to plaintiff's said mining claims, upon which option he had paid a small sum as a part of the purchase price, which transfer of the option had been accepted by the corporation as full payment for the stock subscribed for. He offered this stock for sale and sold a small number of shares to numerous persons without having secured any permit therefor, and without having in any way complied with the requirements of the statutes above referred to. Among the persons purchasing this stock from the defendant was Caroline Scherer, who purchased 50 shares thereof, paying $4,500 therefor. After making the purchase she went to Ashland, Oregon, in the vicinity of which these mining claims were situated, for the purpose of ascertaining the financial status of the corporation. While there she went to the dwelling-house where Le Etta Jones was living and was furnished the papers and documents of the corporation by Mrs. Jones, for the purpose of investigating its affairs. With Mrs. Jones' consent, she took possession of the four documents in question and delivered them to the district attorney at Portland, Oregon. One of these documents, exhibit "Y" is a canceled certificate of stock signed by the defendant as president; under the seal of the corporation and dated November 29, 1924, certifying that Caroline M. Scherer is the owner of 50 shares of stock of the corporation. Exhibits "A–6" and 'A–12" are letters to Lynn B. Coovert referring to defendant's efforts to sell and dispose of the stock; the other, exhibit "A–8," is a copy of a telegram to the defendant, referring to Miss Scherer and signed "M."

4. There is no contention that these exhibits were not material evidence. Whether the possession of

them was rightfully or wrongfully obtained by Miss Scherer is wholly immaterial upon the question of their admissibility in evidence. They were not obtained through any legal process, or by means of any search or seizure, but were obtained wholly by a private person by means, which at the most could not constitute anything more than a trespass. They had no value except as evidence. If they were papers belonging to the corporation, as the canceled certificate evidently is, or if they were the papers of Coovert to whom the others were addressed, plaintiff could not complain since no right of his was invaded. The authorities cited have no application to the question involved here. The objection, therefore, was wholly untenable.

5. The constitutional provision referred to applies only against some governmental action of the state, or that of some agency of the state, and has no application to the action of private individuals who are not employed by or acting under the orders or directions of some officer or agent of the state. In this case the evidence showed, that all of the persons connected with the taking of these documents, were acting on their own initiative and purely as private individuals, and not under the authority of the state or for or on behalf of any officer or agent of the state. Hence, even if the taking of these documents was illegal and they had been the personal property of the defendant himself, those elements would not have affected their admissibility as proper evidence in the case. "A party is privileged from producing the evidence but not from its production." *Johnson* v. *United States,* 228 U. S. 457 (57 L. Ed. 919, 33 Sup. Ct. Rep. 572, 47 L. R. A. (N. S.) 263).

6. Defendant also contends that in making the sale of the stock in question, he was merely selling his own property and therefore that the court erred in overruling his motions for a directed verdict and in arrest of judgment. In addition to the facts already stated, the evidence showed that the money realized from the sale of the stock was all paid over to the corporation and was used in the payment of corporate obligations. If there was any evidence tending to show that the defendant was the owner of the stock in question, there was other and more convincing evidence that the stock belonged to the corporation and was sold as the property of the corporation. The verdict, we think, settles the question of the ownership of the stock and is a determination that it was the property of the corporation. It is clear that the trifling consideration which the evidence shows was paid for the stock was not sufficient to vest title in the stock in defendant.

7. Section 6838, Or. L., defines what shall constitute a dealer in stocks and other securities, and contains the following provisos:

"Provided, that any purchase for investment of any security or securities, or any sale of such security or securities previously held by the vendor thereof as for an investment, by any person, partnership, corporation, or association, or any sale, transfer, or negotiation of such security or securities by the *bona fide* owner thereof, or by any agent exclusively for such owner's account, such sale, transfer, or negotiation not being in the course of repeated or continuing transactions of a similar nature, shall not constitute the purchaser or vendor of such security or securities so purchased or sold, a dealer within the meaning of this act; and provided further, that any partnership, domestic corporation, foreign corporation doing business within this state, or association which shall here-

after offer its own securities for sale to the public shall be considered a dealer within the meaning of this act.''

There was sufficient evidence offered to show that the defendant in dealing with this stock, was not within the provisos, even though there had been evidence of his ownership of it. His course of dealing with the stock consisted of repeated and continuing transactions all looking to the sale and transfer of the stock to the public generally, and the case was one where stock of but little if any value was being repeatedly sold to the public at its par value. Under the evidence defendant clearly violated the statute and the motions were properly overruled.

The judgment is therefore affirmed.

AFFIRMED.

BURNETT, C. J., and McBRIDE and COSHOW, JJ., concur.