STATE OF IOWA, Appellee, v. A. J. SOEDER, Appellant.

No. 41473.

JUNE 20, 1933.

REHEARING DENIED SEPTEMBER 21, 1933.

F. C. Harrison, for appellant.

Edward L. O'Connor, Attorney-general, and Walter F. Maley, Assistant Attorney-general, for appellee.

ANDERSON, J.—No abstract has been filed on this appeal. The case is submitted to us upon the clerk's transcript, and upon printed briefs and arguments of appellant and appellee.

The clerk's transcript shows that indictment was returned by the grand jury of Fayette county, Iowa, on the 29th day of April,

1931, charging the defendant, A. J. Soeder, with the crime of selling securities in Iowa, without being registered as a dealer or salesman in the office of secretary of state of Iowa, and charges that the said defendant, "on or about the month of February, 1931, in the County and State aforesaid, engaged in business as a dealer or salesman of securities, and sold 98 Units of Standard Shares Holding Company to John Kershaw, without he the said A. J. Soeder being registered as a dealer or salesman of securities in the office of the Secretary of State of the State of Iowa, as provided by chapter 10 of the Laws of the Forty-third General Assembly of the State of Iowa, contrary to and in violation of law."

Chapter 10 of the Forty-third General Assembly is a part of the 1931 Code, designated therein as chapter 393-C1, and is known as the Iowa Securities Act; commonly called the "Blue Sky Law".

The defendant entered a plea of not guilty to the crime as charged in the indictment, and there was a trial to a jury resulting in a verdict of guilty.

The appellant's brief and argument contains quite an extensive statement of fact, which cannot be considered by this court, for the reason that there is no transcript or abstract of the testimony certified and submitted to us.

The bill of particulars, or minutes of the testimony which is a part of the indictment, however, shows that the defendant was operating as a dealer or salesman, engaged in a series of transactions involving the negotiation and sale of securities within this state, without complying with the provisions of chapter 393-C1 of the 1931 Code. The nature of the defense is not disclosed, other than is shown by the demurrer to the indictment, motions for directed verdict, and new trial. The certified record shows that the defendant offered no evidence upon the trial; that he filed a demurrer to the indictment, a motion for a directed verdict of acquittal, and a motion for a new trial; all based upon the contention that chapter 393-C1 of the Code is in contravention of section 1 of the 14th Amendment to the Constitution of the United States, in that said chapter deprived citizens of the United States of liberty and property without due process of law, and denies to persons within the state of Iowa equality under the law; that the said chapter also was in violation of section 1 of the Bill of Rights of the Constitution of Iowa, in that it assumes to take the property of the citizens of the state without just compensation; that it is also in

violation of section 6 of the Bill of Rights, in that it assumes to grant special privileges and immunities; and also in violation of section 10 of the Bill of Rights, in that it denies the right of a person accused of crime to be advised of the nature and cause of the accusation against him.

Appellant's argument and contention as against the statutory enactment in question, is directed against the chapter as a whole, by reason of the fact that subsection c of section 8581-c5 is a part of the enactment and is unconstitutional and void, under the constitutional provisions mentioned, by reason of its indefiniteness; the appellant claiming that the subsection referred to is so worded that a person of ordinary intelligence cannot determine therefrom what he may do and what he may not do thereunder.

The subsection attacked is among the exempted transactions as included in section 8581-c5, and is as follows:

"An isolated transaction in which any security is sold, offered for sale, subscription or delivery by the owner thereof, or by his representative for the owner's account, such sale or offer for sale, subscription or delivery not being made in the course of repeated and successive transactions of a like character by such owner, or on his account by such representative, and such owner or representative not being the underwriter of such security."

Appellant contends that the subsection above quoted is unconstitutional, and that it is so connected and interdependent in subject-matter with the general enactment that it renders the whole enactment unconstitutional and invalid.

The last section of the chapter, section 8581-c27, is as follows:

"Should the court declare any section or clause of this chapter unconstitutional then such decision shall affect only the section or clause so declared to be unconstitutional and shall not affect any other section or clause of this chapter."

The appellant cites and rests his contention upon the case of People v. Pace, 73 Cal. App. 548, 238 P. 1089, 1096, and claims that the cited case is the only authority bearing directly upon the questions here raised by appellant, and that the case has support in the courts of Illinois, Wisconsin, Indiana, and the United States Supreme Court, in the cases of Hall v. Geiger-Jones Co., 242 U. S. 539, 37 S. Ct. 217, 61 L. Ed. 480, L. R. A. 1917F, 514, Ann. Cas. 1917C,

643, and Merrick v. Halsey & Co., 242 U. S. 568, 37 S. Ct. 227, 61 L. Ed. 498. We have carefully read and studied the California case as well as the other cases cited by the appellant claimed to support that holding. We are unable to find any support for the holding in the case of People v. Pace, supra. The decision is by an inferior court, and has been repeatedly disapproved. The statute there held unconstitutional was not parallel to the statute here under consideration. However, the basis of that opinion holding the section unconstitutional was not on the ground of indefiniteness, but on the ground that it attempted to require a person to secure a broker's permit before he could lawfully sell securities owned by himself; and we quote from the last paragraph of the opinion as follows:

"We are of the opinion that the section of the Corporate Securities Act under consideration, so far as it attempts to require a natural person to secure a broker's permit as provided in said act before he may lawfully sell his own securities, where he is not the issuer or underwriter of the same, is unconstitutional and invalid for the reasons herein set forth."

In that case it was not contended at the trial that the defendant was not the bona fide owner of the stock sold. In fact, the record shows that he was the owner, and was not engaged in the business of a broker or salesman of securities. In the case at bar, the indictment charges that the defendant was engaged in the business as a "dealer" or "salesman" of securities, and there can be no question injected in the defense that he was selling and negotiating his own stock or property. He was not indicted under subsection c of section 8581-c5, and claims no exemption or immunity thereunder. Moreover, the Pace case has been discredited by the courts of Oregon and Minnesota. The Oregon court in the case of State v. Gerritson, 124 Or. 525, 265 P. 422, 425, uses the following language in reference to the Pace case:

"That case supports the contention of defendants. The defendants' position is very forcibly stated in the opinion, but we cannot follow it. We think that both our court and the Supreme Court of the United States have heretofore held the contrary view, as shown by [Hall v. Geiger-Jones Co., 242 U. S. 539, 37 S. Ct. 217, 61 L. Ed. 480, L. R. A. 1917F, 514, Ann. Cas. 1917C, 643; Merrick v. Halsey, 242 U. S. 568, 37 S. Ct. 227, 61 L. Ed. 498]. * * * The defendants contend that only one feature of the Blue Sky Law is unconstitu-

tional, that one feature being the provision in the statute preventing the owner of stock as an individual from disposing of the stock in repeated and continuing transactions of a similar nature. This contention has already been passed upon by this court adverse to the defendants"—citing State v. Barrett, 121 Or. 57, 254 P. 198.

In the Barrett case the defendant contended that he was merely selling his own property, and that the statute requiring that he first procure license so to do was unconstitutional.

The Supreme Court of Minnesota, in the case of Kerst v. Nelson, 171 Minn. 191, 213 N. W. 904, 906, 54 A. L. R. 495, in referring to the Pace case, used this language:

"The contention that the Legislature has attempted to strike down liberty to contract and destroy the right of an individual to dispose of his own property by a series of sales is met by State v. Nordstrom [169 Minn. 214, 210 N. W. 1001], supra. If the public is to be protected, sales by the owners of securities must be regulated, as well as sales by the owners' representatives. An investor is injured in the same way whether he buys a worthless security from one or the other. The character of the security offered for sale is the important consideration. If the security is within the scope of a statute which is a valid exercise of the police power of the state, the seller must obey the law, whoever he may be. The uniform trend of our decisions is in an opposite direction from People v. Pace, 73 Cal. App. 548, 238 P. 1089, cited by appellants."

The Pace case was discredited in the case of State v. Swenson, 172 Minn. 277, 215 N. W. 177, 179, 54 A. L. R. 490. In the Swenson case a statute almost identical with the Iowa statute was involved. And the defendant there claimed that the statute was unconstitutional by reason of its indefiniteness And the Minnesota Supreme Court in passing upon this feature, said:

"The statute exempts from its operation isolated sales not 'made in the course of repeated and successive sales of securities of the same issue.' Defendant contends that the provision 'in the course of repeated and successive sales' is void for indefiniteness. We are not of that opinion. Isolated sales are excluded; but a sale is not to be deemed an isolated sale where it bears such a relation to other similar sales occurring sufficiently near the same time as to constitute one of a series of associated acts for the promotion of the same project."

In the case of Barnhill v. Young, 46 F. (2d) 804, 805, the Federal District Court held that the California Securities Act was not unconstitutional, and referring to the case of People v. Pace, supra, said:

"That decision, of course, stands as properly defining the law of the state, and is operative for the benefit of the plaintiffs who may act in their individual right to dispose of 'mineral deeds' owned by them personally. Of course such sale transactions must be bona fide and under actual ownership and not a subterfuge for the purpose of enabling the disposal of the interests owned by the Cherokee Oil Company, so called. In the Pace case, the court was careful to say: 'It was not contended at the trial, nor is it urged here on appeal, that the defendant was not the bona fide owner of the stock sold.' "

In the case of Saunders v. State, 172 Ga. 770, 158 S. E. 791, 792, the court had under consideration the identical question raised in the case at bar. There the defendant was indicted as a "dealer" and not as an "owner" or issuer, and the court held that the section of the Georgia statute, practically identical with the subsection c here under consideration, had no application, and stated:

"Whether or not this provision is void because of vagueness, indefiniteness, and uncertainty cannot prejudice the accused; therefore the court did not err in overruling the demurrers based upon these grounds. * * * If the section here attacked should be declared unconstitutional and invalid, it would in no way affect this case."

We are constrained to hold, under the foregoing discussion and authorities, that the chapter under consideration (393-C1), including subsection c of section 8581-c5, is a valid exercise of the power of the Iowa legislature; that it is not in contravention of any of the provisions of the Constitutions of the United States or the State of Iowa; that the appellant is not in a position to question the constitutionality of subsection c, as he was not indicted as an "owner" selling securities in violation of that subsection, but was indicted as a "dealer" under section 8581-c22.

Similar legislation, having for its purpose the regulation and restriction of the sale of securities, has been uniformly upheld as within the police power of the state, as is shown in the following cases: 12 C. J. pp. 760-766; Home Savings Bank v. Morris, 141

Iowa 560, 120 N. W. 100; Peverill v. Black Hawk County, 201 Iowa 1050, 205 N. W. 543; State v. Brooks, 146 Iowa 259, 125 N. W. 168; Saunders v. State, 172 Ga. 770, 158 S. E. 791; State v. Barrett, 121 Or. 57, 254 P. 198; Hall v. Geiger-Jones Co., 242 U. S. 539, 37 S. Ct. 217, 61 L. Ed. 480, L. R. A. 1917F, 514, Ann. Cas. 1917C, 643; Merrick v. Halsey & Co., 242 U. S. 568, 37 S. Ct. 227, 61 L. Ed. 498; Caldwell v. Sioux Falls Stock Yards Co., 242 U. S. 559, 37 S. Ct. 224, 61 L. Ed. 493; Kerst v. Nelson, 171 Minn. 191, 213 N. W. 904, 54 A. L. R. 495; State v. Swenson, 172 Minn. 277, 215 N. W. 177, 54 A. L. R. 490; State v. Gerritson, 124 Or. 525, 265 P. 422, 423; Hornaday v. State, 21 Okl. Cr. 354, 208 P. 228; Investment Reserve Corporation v. Mich. Securities Commission, 238 Mich. 606, 214 N. W. 311; Biddle v. Smith, 148 Tenn. 489, 256 S. W. 453; Kreutzer v. Westfahl (Ex parte Kreutzer), 187 Wis. 463, 204 N. W. 595, 602.

It follows from the foregoing discussion and citations that there is no merit in the contention of the appellant on this appeal, and that the action of the trial court must be, and is, affirmed.—Affirmed.

All the Justices concur.