**BLINDER, ROBINSON & CO., INC., Meyer Blinder, Larry Blinder, and Harold Gordon, Appellants,**

v.

**Craig A. GOETTSCH, Superintendent of Securities for the State of Iowa, Appellee.**

No. 86–440.

Supreme Court of Iowa.

April 15, 1987.

Jerry E. Williams and Michael W. Thrall of Nyemaster, Goode, McLaughlin, Emery & O'Brien, P.C., Des Moines, and Alan C. Jacobson, Englewood, Colo., for appellants.

Thomas J. Miller, Atty. Gen., Joanne MacKusick and William F. Raisch, Asst. Attys. Gen., for appellee.

Considered by HARRIS, P.J., and SCHULTZ, CARTER, WOLLE, and LAVORATO, JJ.

CARTER, Justice.

The superintendent of securities has sought to censure, suspend, or revoke the licenses of the petitioners, who are securities brokers and salesmen, for alleged willful violations of the Iowa Uniform Securities Act. Petitioners urge as a defense that certain of the transactions involved were exempt from the proscriptions of that act under the provisions of Iowa Code section 502.203(1) (1985), exempting any "isolated nonissuer transaction." In addition, petitioners challenge the constitutionality of the regulatory scheme being applied against them on the ground that the vagueness of section 502.203(1) makes it impossible to determine which transactions are covered by the proscriptive features of the act and which are not. This, they claim, renders the statutory scheme unconstitutionally vague on its face.

A contested hearing on the commissioner's application commenced before a hearing officer. The evidence was submitted, but prior to the rendering of a decision petitioners sought judicial review in order to have the court adjudicate the vagueness challenge to the regulatory statutes. At the outset, we note our disapproval of permitting an intermediate agency action to be reviewed for the purposes petitioners seek to advance. The request for a judicial determination concerning the constitutional issue was, we believe, premature. Special circumstances in what has already been an unduly protracted administrative procedure cause us, however, to reluctantly consider the issue on its merits.

Before determining the issue presented, we deem it desirable to make clear those matters which we are not deciding. Petitioners' arguments blend the facial constitutional attack upon the statute with their affirmative defenses that (a) the exemption statute should be interpreted to exclude the challenged transactions from the regulatory scheme, and (b) their inability to predict whether the language of the exemption statute applies to their situation should prevent a finding that any violations of the statutory scheme were willful. These two issues are not before us and will not be determined. In adjudicating petitioners' vagueness challenge, we do not even consider the particular charges made against them. The issue raised is a facial constitutional challenge to the statute and not a challenge to its constitutionality as applied to petitioners.

We discussed the test for facial vagueness under the fourteenth amendment in *Pottawattamie County v. Iowa Department of Environmental Quality*, 272 N.W.2d 448, 452 (Iowa 1978). We recognized that "a degree of indefiniteness is necessary to avoid unduly restricting the applicability of the [proscribing] rule." *Id.* at 453. We further stated:

A statute is unconstitutionally vague under due process when its language does not convey sufficiently definite warning as to that conduct proscribed by the statute, measured by common understanding or practice. If the terms of the statute are such that an ordinary person exercising common sense can sufficiently understand and fulfill its proscriptions, it is not unconstitutionally vague. A statute or a rule has the requisite specificity if its meaning is fairly ascertainable by reference to similar statutes, other judicial determination and reference to the dictionary, or if the words themselves have a common and generally accepted meaning. Unless the rule clearly, palpably and without doubt infringes the constitution it should be upheld.

*Id.* at 452. Judged by this standard, we conclude that petitioners have failed to demonstrate that the meaning of the statute is so facially vague as to violate due process.

A statute is not unconstitutionally vague merely because a key word has not been specifically defined. *See* 1A N. Singer, *Sutherland Statutory Construction* § 21.-16, at 136 (Sands 4th ed. 1984). The cur-

rent "isolated nonissuer transaction" exemption embodied in Iowa Code section 502.203(1) is identical to section 402(b)(1) of the Uniform Securities Act, 7B Uniform Laws Annotated 600–01 (1985). The comments accompanying this section of the uniform act state:

In general, this subsection is intended to cover the occasional or casual sale by an individual. It is not intended to extend to repeated and successive transactions by the same person or by an affiliated group of persons....

7B U.L.A. 70 (Supp.1987). An Indiana appellate court considering the application of this exemption has observed, "[a] case by case decisional approach is to be preferred." *Hippensteel v. Karol,* 159 Ind. App. 146, 304 N.E.2d 796, 801 (1973).

Our reference to the comments accompanying the uniform act and to the language of the court in the *Hippensteel* case is not intended to indicate our views as to how the statute should be interpreted. No issue of interpretation is presented by this appeal. We refer to these authorities only as an indication that the language of the statute is in fact susceptible of a principled interpretation consistent with the purposes of the legislation.

We have found no cases involving a facial constitutional challenge to this specific provision in the Uniform Securities Act. A Pennsylvania court, dealing with a facial constitutional challenge to a similar "isolated transaction" exemption under the securities laws of that state, has declared:

This [facial constitutional] question (perhaps because it suggests only one answer) has never been raised in an appellate court of this state. We find no merit in it. The word "isolated" is not a word of art or of technical meaning. In common as well as universal usage it means *standing alone, detached, separate.* It is the opposite or counterterm-the antonym-of "repeated" or "successive." Whether sales of stock ... are isolated or repeated and successive transactions indicating a course of dealing must depend upon the facts of each case in the light of the purpose of the act....

[W]here sales ... recur within such reasonable time as to indicate an association of acts under one general purpose, such sales are not "isolated...."

*Commonwealth v. Summons,* 157 Pa.Super. 95, 98–99, 41 A.2d 697, 698–99 (1945). In *State v. Soeder,* 216 Iowa 815, 249 N.W. 412 (1933), cited by the Pennsylvania court, this court rejected a facial constitutional challenge to an "isolated transaction" exemption in a securities regulation statute, Iowa Code § 8581–c5(c) (1931). We are similarly constrained to hold that there is no basis for petitioners' facial constitutional challenge to section 502.203(1). The decision of the district court is affirmed.

AFFIRMED.