**Mark A. DEVAULT, Ivan A. Devault, and Rita J. Devault, Appellees,**

v.

**CITY OF COUNCIL BLUFFS, Iowa, Appellant.**

No. 02–0456.

Supreme Court of Iowa.

Nov. 13, 2003.

Karen A. Dales, Council Bluffs, for appellant.

Curtis J. Heithoff, Council Bluffs, and Michael J. Winter, Council Bluffs, for appellees.

CARTER, Justice.

The City of Council Bluffs appeals from a decree enjoining the enforcement of a municipal ordinance classifying the partially completed residential structure of defendants, Mark Devault, Ivan Devault, and Rita Devault, as a nuisance subject to abatement. The district court concluded that the ordinance in question was void for vagueness under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Based on that conclusion, the court enjoined the city's effort to abate the nuisance. The city lodges both procedural and substantive challenges to that decree. After reviewing the record and considering the arguments presented, we reverse the district court's decree.

Defendants commenced the construction of a residential structure on South Nineteenth Street in Council Bluffs in the summer of 1995. From that time until at least July 2001, the structure was in a partially completed state. The initial building permit of eighteen-months duration and two subsequent building permits each of an additional eighteen-months duration were allowed to expire without completion of the project. On the expiration of the third building permit, a municipal infraction was issued, citing defendants with the violation of section 1.97.030 of the Council Bluffs Municipal Code defining nuisance to include the following act:

> To maintain any partially or otherwise incomplete structures, abandoned or unmaintained property, including but not

limited to fences, parking garages, commercial and residential buildings.

A companion ordinance provided that the city could act to abate a nuisance as so defined.[1]

At a hearing held on July 20, 2000, defendants personally appeared, admitted the allegation, and sought additional time to secure necessary financing to complete the structure. A magistrate granted defendants until September 22, 2000, to be in complete compliance with local building ordinances. When this order was not complied with, a second municipal infraction was filed before a district associate judge. On January 25, 2001, the date set for trial, defendants appeared, admitted the allegations, and requested until June 1, 2001, to comply with the requirements of the local building code. This request was granted.

On June 1, 2001, an attorney retained by the defendants appeared and sought additional time to comply. The court determined that no adequate explanation had been provided and ordered that defendant must complete compliance with the building code by July 1, 2001, or suffer abatement of the nuisance at their expense. This date was later extended to September 1, 2001. The latter two orders expressly granted the city permission to abate the nuisance if the structure was not completed within the prescribed time. When it was not, the city began taking bids for demolition.

In December 2001 defendants' attorney sought relief from the district associate judge who had granted the prior orders authorizing abatement of the nuisance. That request was summarily rejected. Defendants then filed an action in equity seeking injunctive relief against abatement of the nuisance. They obtained a temporary injunction from a district court judge preventing the city from exercising the authority granted to it by the district associate judge. Following a final hearing on that application, a permanent injunction against abatement of the nuisance was ordered on the basis that the ordinance was void for vagueness.

## I. *The Procedural Challenge.*

■ At the outset, we take note of the city's challenge to the highly irregular procedure that was followed in the present case. An order of a district associate judge, facially valid, granting the city authority to abate the nuisance had been issued. More than four months after that order, an effort was made through an independent action in equity to enjoin the abatement procedure that had been authorized by the district associate judge. This challenge, on its face, was presented as a collateral attack on the district associate judge's order and was not an appeal therefrom. If it had been an appeal, it was untimely. The city challenged this procedural irregularity by a motion to dismiss the request for an injunction. That motion should have been granted. We hold that the order of the district associate judge authorizing abatement of the nuisance was not subject to collateral attack by the subsequently initiated injunction proceeding.

## II. *The Merits of the Vagueness Challenge.*

■ Because the district court's decision may cast a cloud over the local ordinance defining a nuisance to include an

---

**1.** Section 8.54.040(3) of the Municipal Code of Council Bluffs provides that, in addition to imposing monetary fines against those maintaining a nuisance, "a court of competent jurisdiction may: ... (3) Order such person, firm, partnership, corporation, or other legal entity to repair, rehabilitate, demolish or remove the building, structure, or appendage." Subsection 5 of this ordinance authorizes abatement by the city as a result of a property owner's failure to act.

"incomplete structure," we also review the merits of that determination. We have recognized that a civil statute is unconstitutionally vague under the Due Process Clause when its language does not convey a sufficiently definite warning of the proscribed conduct. *Knepper v. Monticello State Bank,* 450 N.W.2d 833, 838 (Iowa 1990); *Pottawattamie County v. Iowa Dep't of Envtl. Quality,* 272 N.W.2d 448, 452 (Iowa 1978). We articulated the legal test for vagueness in *Knight v. Iowa District Court,* 269 N.W.2d 430 (Iowa 1978), in which we concluded:

> If the statute's meaning is fairly ascertainable by reliance on generally accepted and common meaning of words used, or by reference to the dictionary, related or similar statutes, the common law or previous judicial constructions, due process is satisfied.

*Knight,* 269 N.W.2d at 432 (citations omitted). A presumption of constitutionality exists that must be overcome by negating every reasonable basis on which the statute can be sustained. *Knepper,* 450 N.W.2d at 838. Literal exactitude or precision is not required. *Id.* A statute is not unconstitutionally vague merely because a key word has not been specifically defined. *Blinder, Robinson & Co. v. Goettsch,* 403 N.W.2d 772, 773 (Iowa 1987).

In determining that the ordinance under consideration was void for vagueness, the district court focused on the ordinance provisions proscribing the maintaining of an incomplete structure. The court stated:

> If one builds a structure, one must necessarily maintain the structure during the construction period. Although the right to build a structure may not rise to the constitutional level of free speech, it is a right that may not be unreasonably burdened by statute or ordinance. The City argues that an incomplete structure is not considered to be a nuisance unless

it is maintained in an incomplete state. Plaintiffs, the City contends, have maintained their incomplete house for years, often making little progress for a year at a time. While such contention may be true, the ordinance offers no guidance as to the extent of progress necessary to avoid application of the sanctions.

█ As we have previously noted, a statute's meaning is not considered to be vague if it is fairly ascertainable from previous judicial constructions. We believe the same thing is true with regard to administrative interpretations. We are satisfied that in situations of this kind the requirements for avoiding the violation will necessarily be brought to the attention of the building owner by those persons administering the local building code. In the present case, that administrative interpretation was buttressed by a judicial interpretation as the proceedings went along.

█ Given the history of events in the present case over a period of more than five years, including many appearances before the court in which the defendants requested additional time to comply with the local building codes, we are convinced that the deficiencies required to be corrected were adequately called to the defendant's attention. Persons who engage in some conduct that is clearly prescribed by an ordinance as interpreted in a judicial proceeding cannot complain of vagueness as applied to other conduct. *Knepper,* 450 N.W.2d at 839. We have considered all issues presented and conclude that the judgment of the district court must be reversed.

**REVERSED.**

All justices concur except WIGGINS, J., who takes no part.