## IN THE COURT OF APPEALS OF IOWA

No. 15-1241
Filed April 27, 2016

**CLIFFORD BEAVER and PAMELA SANDERSON,**
**Husband and Wife,**
    Plaintiff-Appellants,

**vs.**

**M. ANNE MCATEE, Administrative Hearing Officer,**
**and THE CITY OF DAVENPORT, IOWA, and Iowa**
**Municipal Corporation,**
    Defendant-Appellees.

_____

        Appeal from the Iowa District Court for Scott County, J. Hobart Darbyshire,

Judge.


        Occupants of a house declared to be a nuisance by the City of Davenport

appeal a district court ruling upholding the city's abatement order.  **AFFIRMED.**


        Michael J. Meloy of Meloy Law Office, Bettendorf, for appellant.

        Brett R. Marshall and Richard A. Davidson of Lane & Waterman, L.L.P.,

Davenport, for appellee.


        Heard by Danilson, C.J., and Vaitheswaran and Tabor, JJ.

**TABOR, Judge.**

The City of Davenport declared the house occupied by Clifford Beaver and Pamela Sanderson to be a public nuisance and issued an abatement order. The order cited Sanderson's harassing and threatening behavior toward neighbors as the basis for its action. In response to the occupants' appeal, an administrative hearing officer upheld the city's abatement order. The occupants filed a petition for writ of certiorari, but the district court found no basis to reverse the hearing officer's decision. The occupants now appeal the district court's judgment, raising several constitutional challenges. Because the occupants' appellate challenges were not properly preserved for our review, we decline to address the merits and affirm the district court judgment.

## I.     Facts and Prior Proceedings

For nearly forty years, Beaver has owned a house on Kimberly Downs Road in Davenport. For the past fourteen years, Sanderson, his common-law wife, has lived there with him. In late 2013, several of their neighbors circulated a petition seeking to have Beaver's house declared a public nuisance. After receiving the neighbors' petition, Angela Foht, a staff attorney for the city, unsuccessfully tried to set up a meeting with Sanderson.

On February 5, 2014, Foht sent a letter to Beaver declaring his property a nuisance "pursuant to Davenport Municipal Code [section] 8.12." The letter alleged Sanderson's "erratic behavior" had been creating "problems in the neighborhood for several years." The letter characterized her conduct as "threatening, vulgar and unwarranted" and asserted such conduct "prohibited multiple neighbors from enjoying their property." The letter informed Beaver the

city found it "necessary to impose an abatement plan with respect to [his] property" and listed nine directives regarding the activity on and around his address, including prohibitions against "criminal related activity," harassment of neighbors and their guests, calling authorities without cause, "accosting" people parking on the street, and letting their dog run without a leash, as well as restrictions on the use of security cameras. The letter warned Beaver that failure to abate the nuisance could result in municipal-infraction citations and fines.

Beaver requested an appeal hearing. In April 2014, an administrative hearing officer presided over a two-day proceeding. The roster of witnesses for the city included seven police officers and seven neighbors. Beaver testified on his own behalf and explained Sanderson takes medication for anxiety and post-traumatic stress disorder stemming from a work accident. Beaver also called as witnesses a neighbor and the security specialist who installed his cameras.

On June 10, 2014, the hearing officer issued detailed fact findings. She found the testimony presented by the city's witnesses to be credible and concluded:

> Over the last several years, multiple incidents have been described which interfere with the comfortable enjoyment of life or property of various individuals residing near [Beaver's residence on] Kimberly Downs Road, in an unreasonable manner. Clear and convincing evidence supports that these [incidents] cause annoyance or distress to a reasonable person of normal sensibilities in violation of Section 8.12.010(E) of the Davenport Municipal Code. Clear and convincing evidence supports the frustration of the parties regarding their ability to use their property.

The hearing officer also decided the evidence "was presented with sufficient specificity to place all parties on notice of the alleged nuisance and support the February 5, 2014 Nuisance Abatement, which was timely appealed

by Clifford Beaver." After she reviewed recordings from Beaver's security cameras, the hearing officer determined "more than fifty percent of the field of view" went beyond Beaver's own property in violation of Davenport Municipal Code section 9.20.080(F). She approved a "Nuisance Abatement Plan" with respect to Beaver's property, which included the following directives:

• Occupants and persons in possession shall not engage in criminal related activity on or within 1500 ft. of the property;

• All occupants, persons in possession and guests at . . . Kimberly Downs Road will act at all times in a manner that does not disturb a neighbors' peaceful enjoyment of his or her property;

• Occupants shall not harass neighbors or their guests. This includes screaming at them unprovoked, getting into their personal space and blocking their movement on public property while verbally accosting them and using vulgar language including cursing and sexual comments, especially in the presence of minors;

• Occupants shall not call authorities on neighbors and children that are not breaking the law or causing a hazard. This includes children playing on any area not on Parcel No. [. . .];

• Occupants shall not address or approach anyone parking in front of the property at . . . Kimberly Downs Road, Davenport, Iowa; . . . unless they are parking for the purpose of visiting [that address]. This is a public street and therefore available for public parking;

• Animals must be on a leash when not in a fenced in area or restrained by tether at all times. There shall be no telling the dog to go after anyone and letting it run out with no leash;

• No cameras shall be recording or pointing at any part of any neighboring structure in violation of Section 9.20.080 Davenport Municipal Code. The security cameras at . . . Kimberly Downs Road are to protect that property only, and are not for surveillance of other residences. The view may slightly overlap onto a neighboring yard or the street but no part of another structure shall be in view. You must set up an appointment for the City to view the cameras to verify compliance within thirty days of the date of this Decision. Failure to do so will result in citations being issued. Future verification of compliance may be scheduled as needed.

On July 9, 2014, Beaver filed a petition for writ of certiorari to the district court, challenging the legality of the administrative decision and raising constitutional issues. The city filed a motion for summary judgment. Beaver resisted and filed a cross-motion for summary judgment. After hearing the parties in oral argument, the district court granted summary judgment in the city's favor. The district court determined the hearing officer acted legally in upholding the nuisance-abatement order and rejected Beaver's constitutional challenges to Davenport Municipal Code sections 8.12.010(E) (defining nuisances)[1] and 9.20.080(F) (regulating residential surveillance cameras).[2]

Beaver and Sanderson[3] now appeal.

## II.    Scope and Standards of Review

The matter on appeal is the district court's grant of summary judgment to the city in Beaver's certiorari action, an action at law to test the legality of the hearing officer's decision. The hearing officer was acting as a tribunal in a quasi-judicial capacity. *See Petersen v. Harrison Cty. Bd. of Supervisors,* 580 N.W.2d 790, 793 (Iowa 1998); *see also* Iowa R. Civ. P. 1.1401. We review such actions for the correction of legal error. *Ary v. Iowa Dist. Ct.,* 735 N.W.2d 621, 624 (Iowa 2007). Even in a certiorari action, we review de novo the evidence bearing on constitutional issues. *Perkins v. Bd. of Supervisors,* 636 N.W.2d 58, 64 (Iowa

---

[1] Section 8.12.010(E) provides the following definition: "'Nuisance' means whatever: poses an unreasonable threat to health or safety; interferes with the comfortable enjoyment of life or property in an unreasonable manner; or causes annoyance or distress to a reasonable person of normal sensitivities."

[2] Section 9.20.080(F) provides: "No camera shall have a field of view that focuses on a neighboring resident's yard, structure, or window. 'Focuses' means more than fifty percent of the field of view."

[3] We will refer to the plaintiffs collectively as Beaver in this decision but will use their individual names when discussing specific factual findings.

2001). Our review of the district court's summary judgment ruling is also for correction of legal error. *City of Johnston v. Christenson,* 718 N.W.2d 290, 296 (Iowa 2006).

### III. Issues Raised on Appeal and Failure to Preserve Error

Beaver argues the district court erred in upholding the city's abatement order declaring his residence a public nuisance. Beaver's argument starts with this issue statement, setting out two claims: "Davenport's Nuisance and Residential Camera Statutes are Unconstitutional on Their Face and Unconstitutional as Applied to Plaintiffs."[4] For the following reasons, we conclude Beaver's appellate challenges were not preserved for our review.[5]

First, Beaver contends he preserved error by "filing a July 21, 2015 notice of appeal to the June 22, 2015 summary judgment ruling in the district court." We disagree. "While this is a common statement in briefs, it is erroneous, for the notice of appeal has nothing to do with error preservation." Thomas A. Mayes & Anuradha Vaitheswaran, *Error Preservation in Civil Appeals in Iowa: Perspectives on Present Practice,* 55 Drake L. Rev. 39, 48 (2006) (footnote omitted) (explaining "error preservation rules require a party to raise an issue in the trial court and obtain a ruling from the trial court"); *see* Iowa R. App. P. 6.903(2)(g)(1) (requiring appellant's brief to contain "[a] statement addressing

---

[4] Beaver initially raised a third claim concerning the impartiality of the hearing officer, but he withdrew that issue in his reply brief.

[5] On appeal, the city contests error preservation regarding Beaver's challenge to the constitutionality of Davenport Municipal Code section 8.12.010(E). As to Beaver's other claims, we may raise the issue of error preservation on our own motion. *See Top of Iowa Coop. v. Sime Farms, Inc.,* 608 N.W.2d 454, 470 (Iowa 2000) ("[T]his court will consider on appeal whether error was preserved despite the opposing party's omission in not raising this issue at trial or on appeal.").

how the issue was preserved for appellate review, with references to the places in the record where the issue was raised and decided"). Thus, this preservation assertion by Beaver is without merit. *See Runyon v. Kubota Tractor Corp.*, 653 N.W.2d 582, 584 (Iowa 2002) (deeming issue waived where appellant failed to mention how or where a constitutional claim was raised in the district court and the record did not support preservation).

Second, our review of the record shows Beaver did not preserve error on his constitutional challenges to the city ordinances.[6] The rules of error preservation apply with equal force to constitutional issues. *See Taft v. Iowa Dist. Ct.,* 828 N.W.2d 309, 322 (Iowa 2013) ("Even issues implicating constitutional rights must be presented to and ruled upon by the district court in order to preserve error for appeal."). Specifically, Beaver asserts on appeal that section 8.12.010(E) is both void for vagueness and overly broad. In urging the void-for-vagueness claim, he focuses on the ordinance's third definition of nuisance—whatever "causes annoyance or distress to a reasonable person of normal sensitivities." Beaver argues the words "annoyance" and "distress" do not provide "fair notice to a citizen as to whether a nuisance exists and constitutes a vague and subjective standard." *See Devault v. City of Council Bluffs*, 671 N.W.2d 448, 451 (Iowa 2003) (holding a city ordinance is unconstitutionally

---

[6] Because Beaver's brief contains many imprecise assertions—sometimes without separate issue headings—it is difficult to discern if he is challenging the constitutionality of the abatement order independently from the constitutionality of the City's ordinances or if he is raising any non-constitutional claims. Nevertheless, his random mention of an issue without elaboration or authority to support the point falls short of preserving the claim for our appellate review. *Midwest Auto. III, L.L.C. v. Iowa Dep't of Transp.*, 646 N.W.2d 417, 431 n.2 (Iowa 2002). Our independent conclusion that other issues are not clearly articulated is supported by the appellee's brief, wherein the city addresses only Beaver's claims the nuisance ordinance (section 8.12.010(E)) and residential camera ordinance (section 9.20.080(F)) are unconstitutional.

vague under the due process clause "when its language does not convey a sufficiently definite warning of the proscribed conduct").

But the district court expressly ruled it need not address "the constitutionality of [section] 8.12.010(E)'s third provision" because the testimony at the administrative hearing established that activities occurring at or near Beaver's residence interfered with the neighbors' "comfortable enjoyment of life or property in an unreasonable manner" under the ordinance's second definition of nuisance.[7]  On appeal, Beaver does not challenge the comfortable-enjoyment definition of nuisance as being void for vagueness.  Because the district court did not rule on Beaver's vagueness challenge to the third definition as raised by Beaver in this appeal, "there is nothing before us to review."  *See Stammeyer v. Div. of Narcotics Enf't*, 721 N.W.2d 541, 548 (Iowa 2006) (holding where "there are alternative claims or defenses, and the district court does not rule on all alternative claims or defenses, the losing party must file a post-trial motion to preserve error on the claims or defenses not ruled on").

In his reply brief, Beaver contends he preserved error by pleading the alternative basis for reversal in his petition for writ of certiorari.  *See Montgomery v. Bremer Cty. Bd. of Supervisors*, 299 N.W.2d 687, 697 (Iowa 1980) (assuming from an unfavorable judgment that district court determined issue adversely to plaintiffs).  We find *Montgomery* distinguishable because, rather than implicitly

---

[7] The ordinance's second definition shares language with the state-law definition.  *See* Iowa Code § 657.1(1) (2015) (defining nuisance as "an obstruction to the free use of property, so as essentially to interfere unreasonably with the comfortable enjoyment of life or property").  The district court found the Iowa Code's definition "has been upheld as constitutional" and ruled: "[G]iven the substantial similarities between the two definitions, the second definition of a nuisance provided within the Davenport Municipal Code is constitutional."

rejecting Beaver's vagueness argument, the district court expressly declined to analyze it, stating: "[T]he court need not address the constitutionality of [section] 8.12.010(E)'s third provision defining nuisance." Moreover, the "assumption" that a district court rejected claims not specifically addressed is not a rule of error preservation. *Meier v. Senecaut*, 641 N.W.2d 532, 539-40 (Iowa 2002) (holding preservation-of-error requirement is satisfied only if issue on appellate review was first decided by district court).[8] Accordingly, Beaver failed to preserve error on his appellate void-for-vagueness challenge to the nuisance ordinance.

We next turn to Beaver's overbreadth claim, which also focuses on the "annoyance or distress" language in the ordinance. *See State v. Bower*, 725 N.W.2d 435, 443 (Iowa 2006) (discussing overbreadth doctrine). The district court did not rule on Beaver's facial challenge to Davenport's nuisance ordinance, and Beaver did not file a post-trial motion seeking such a ruling. Accordingly, the overbreadth claim is not properly before us. *See Benavides v. J.C. Penney Life Ins. Co.*, 539 N.W.2d 352, 356 (Iowa 1995) (holding issue not properly before appellate court when issue was raised during summary judgment proceedings but was not addressed by the district court and the party asserting the issue on appeal had not filed a motion asking for a ruling); *see also Addison Ins. Co. v. Knight, Hoppe, Kurnik & Knight, L.L.C.*, 734 N.W.2d 473, 479-80 (Iowa

---

[8] Also in the reply brief, Beaver cites *Lamasters v. State* for the proposition that the preservation analysis in *Meier* was not concerned with "the substance, logic, or detail in the district court's decision." 821 N.W.2d 856, 864 (Iowa 2012). In other words, an issue may be reviewed on appeal if the district court's ruling indicates the court considered the issue, even if the reasoning was sparse or incomplete. *See id.* But here, as stated, nothing in the record indicates the district court's ruling was sparse or incomplete; rather, the district court expressly declined to consider and rule on Beaver's vagueness challenge to the "annoyance or distress" language, and Beaver failed to file a post-trial motion requesting the court rule on the issue. *See id.*

2007) (denying appellant's claim that district court *implicitly* rejected issue that was mentioned but not decided and declining to analyze issue "for the first time on appeal").

In addition, to the extent Beaver's appellate brief can be read to challenge the constitutionality of the abatement order—in contrast to the constitutionality of the nuisance ordinance[9]—that claim is waived for failure to secure a ruling in the district court.  *See Meier*, 641 N.W.2d at 537-40.  Likewise, to the extent Beaver's brief can be read to challenge the abatement order's compliance with Davenport Municipal Code section 8.12.050 (regarding the contents of a notice to abate), that issue is waived in the absence of a district court ruling.  *See id.*

In regard to Davenport's residential-camera regulations, the district court addressed Beaver's complaint the ordinance unconstitutionally restricted his "right to maintain surveillance for the purpose of monitoring or protecting [his] property."[10]  The court decided the language in the ordinance limiting the camera's field of view to less than a fifty-percent focus on a neighbor's property did not detract from Beaver's ability to protect his own property, holding "the ordinance appears to balance a property owner's right to use surveillance cameras with a neighbor's right to privacy and freedom from unwanted intrusion."

On appeal, Beaver claims the hearing officer misapplied the camera ordinance and imposed an "overly broad prohibition" as part of the nuisance-

---

[9] Case law recognizes "obvious differences" between analyzing the constitutionality of an injunction and the constitutionality of a generally applicable ordinance.  *See Madsen v. Women's Health Ctr., Inc.*, 512 U.S. 753, 764 (1994).

[10] Beaver premised this right on article I, section 1 of the Iowa Constitution, which recognizes an "inalienable right" to possess and protect property.  *See generally May's Drug Stores, Inc. v. State Tax Comm'n*, 45 N.W.2d 245, 250 (Iowa 1950).

abatement order.  This specific attack on the abatement order was not ruled upon by the district court.  Even if Beaver had urged this same position in the district court, it was incumbent upon him to request a ruling if he wanted to present the issue on appeal.  *See id.*

We emphasize that due to the error-preservation impediments to resolving the merits of this appeal, we reach no conclusion as to the propriety, constitutionality, or enforceability of the city's abatement order.  Furthermore, our decision should in no way be construed as addressing the merits of Beaver's constitutional challenges to the city's nuisance or residential-camera ordinances.

**AFFIRMED.**