Argued at Pendleton May 2, affirmed June 8, 1921.

## STATE *v.* STILWELL.

### (198 Pac. 559.)

**Statutes—It is Usually Assumed a Statute Copied from Laws of Another State is Taken With the Construction Placed on It.**

1. When a statute is copied from the laws of another state, it is usually assumed that it is taken with the construction placed upon it by the courts in which it originated.

**Criminal Law—On Affidavit of Prejudice of Judge, Improper to Change Venue.**

2. On the filing of an affidavit of prejudice against the judge, it was improper, under Section 45-1, Or. Laws, to direct change of venue to another county; the provision contemplating change of judge.

**Criminal Law—Dismissal of Indictment not Warranted Because of Delay Aided by Defendant.**

3. Where defendant first filed an application for a continuance, and on it being overruled filed affidavit of prejudice pursuant to Section 45-1, Or. Laws, and the judge erroneously transferred the case to another county where, over defendant's motion for remand, the case went to trial resulting in a disagreement, and was then remanded to the original county, the indictment should not be dismissed under Section 1701, declaring that if defendant whose trial has not been postponed on his application, or by his consent, be not brought to trial at the next term of court in which the indict·ment is triable after it is found, the court must order the indictment to be dismissed unless good cause to the contrary is shown, for defendant first moved for a continuance, and even the granting of his motion for a change of judge would have operated to delay, so that the change of venue cannot be deemed to have resulted in a delay solely without defendant's consent.

From Umatilla: DALTON BIGGS, Judge.

In Banc.

This is an appeal from an order overruling defendant's motion to dismiss an indictment against him. The facts are as follows: On October 7, 1919, defendant was indicted by the grand jury of Union County for the crime of perjury and on December

---

1. Construction of adopted statute, see notes in 1 **Ann. Cas.** 147; Ann. Cas. 1917B, 651, 660.

20th was arraigned and entered his plea of not guilty. The case went over until the succeeding term of court, which began on the first Monday in February, 1920, and during that term the case was set for trial on March 22, 1920. On March 10th the defendant filed a motion for continuance, which was denied. On March 18th he filed an affidavit of prejudice under Section 45-1, Or. L. (Olson's Comp.), which section is as follows:

"No judge of a Circuit Court of the State of Oregon shall sit to hear or try any suit, action or proceeding when it shall be established, as hereinafter provided, that such judge is prejudiced against any party or attorney, or the interest of any party or attorney appearing in such cause. In such case the presiding judge shall forthwith transfer the suit or action to another department of the same court, or call in a judge from some other court, or apply to the chief justice of [the] Supreme Court to send a judge to try the case; or, if the convenience of witnesses or the ends of justice will not be interfered with by such course, and the action or suit is of such a character that a change of venue thereof may be ordered, he may send the case for trial to the most convenient court."

The motion requested that some other judge be called in to try the case. The court thereupon made an order granting a change of venue to Umatilla County. On April 28, 1920, the defendant filed a motion in the Circuit Court of Umatilla County asking that the cause be remanded to Union County for trial, which motion was supported by an affidavit to the effect that the change of venue had not been granted at his request and that he had not consented and did not consent to such change and objected to a trial in any county but Union, where the alleged crime was alleged to have been committed. This motion

was denied and a trial was had in Umatilla County, resulting in a disagreement.

Thereafter and on May 25th the Circuit Court of Umatilla County made an order reciting the application to remand the case to Union County; that the court, not being fully advised, had denied said motion; and further that on being advised it was without jurisdiction to try the case, remanded the same to Union County for trial. When the cause was remanded the defendant filed a motion supported by his affidavit, for a dismissal of the cause pursuant to Section 1701, Or. L., which section reads thus:

"If a defendant indicted for a crime, whose trial has not been postponed upon his application or by his consent, be not brought to trial at the next term of the court in which the indictment is triable, after it is found, the court must order the indictment to be dismissed, unless good cause to the contrary be shown."

The motion was overruled and the defendant appeals.                                    AFFIRMED.

For appellant there was a brief over the names of *Messrs. Cochran & Eberhard* and *Mr. C. H. Finn,* with oral arguments by *Mr. Geo. T. Cochran* and *Mr. C. H. Finn.*

For respondent there was a brief over the names of *Mr. Geo. M. Brown,* former Attorney General, *Mr. John S. Hodgin,* former District Attorney, and *Mr. A. A. Smith,* with oral arguments by *Mr. Ed. Wright,* District Attorney, and *Mr. A. A. Smith.*

McBRIDE, J.—While a reading of Section 45-1, *supra,* might seem at first glance to authorize the court to grant a change of venue in any case where

an affidavit of prejudice is filed, the authorities seem to hold the contrary doctrine, and particularly the Supreme Court of the State of Washington, from the laws of which state the section quoted was copied: *State* v. *Superior Court,* 88 Wash. 344 (153 Pac. 7); *State* v. *Superior Court,* 88 Wash. 669 (153 Pac. 1078); *State* v. *Superior Court,* 106 Wash. 507 (180 Pac. 481).

1, 2. When a statute is copied from the laws of another state it is usually assumed that it is taken with the construction put upon it by the courts of the state in which it originated; and in that view we hold that the Circuit Court had no authority to change the place of trial to Umatilla County upon the showing of prejudice made by defendant in his affidavit.  But it does not follow that because the court made a mistake in its ruling upon that subject, whereby the cause went over for the term, the defendant is absolutely entitled to have the indictment dismissed.  The statute says in substance that it must be dismissed "unless good cause to the contrary be shown."  The court has jurisdiction, in a proper cause with a proper affidavit, to change the place of trial of a criminal action, and has jurisdiction of the general subject matter.

3. It appears from the record that the court erred in its construction of the statute, and granted a change where it had no jurisdiction; but, taking the whole record, we are of the opinion that the delay occasioned by the change was not such as to justify a dismissal of the cause.  The defendant was first in the field asking for a delay.  He filed an affidavit asking for a continuance, to procure the attendance of a witness, and when this was overruled he filed the affidavit of prejudice.  It is well known to judges

and lawyers that it is not always possible to send a judge from his own circuit to another to hear a case, without more or less delay. Judges have the business of their own circuits to look after, and the chief justice of the Supreme Court not infrequently has to make inquiry in several districts, involving correspondence by letter or telegraph, in order to find a judge whom he can assign without detriment to the public business, so that these applications frequently have the effect of putting the case over the term, a consequence which the defendant might have foreseen and possibly did foresee when he made his application.

We are of the opinion that the record, taken as a whole, shows good cause why the indictment should not be dismissed. The order of the Circuit Court is affirmed.                                          AFFIRMED.

BROWN, J., took no part in the consideration of this case.