Argued at Pendleton June 28; reversed July 16, 1935

# STATE *v.* CHADWICK
## (47 P. (2d) 232)

*Walter L. Tooze, Jr.,* of Portland (Robert M. Duncan, of Burns, and Theodore Opsund, of Portland, on the brief), for appellant.

*Rex Kimmell,* Assistant Attorney General (I. H. Van Winkle, Attorney General, and J. S. Cook, District Attorney, of Burns, on the brief), for the state.

CAMPBELL, C. J. On November 7, 1931, four indictments were returned against defendant by the grand jury for Harney county, Oregon, charging him under § 14-325, Oregon Code 1930, with the crime of larceny by embezzlement of $2,000, alleged to be the personal property of the Western Savings & Loan Association, an Oregon corporation. On October 15, 1934, defendant was tried on one of these indictments, was found guilty and sentenced to a term in the state penitentiary, from which judgment he appeals.

The first assignment of error is based on the action of the trial court in overruling defendant's motion to dismiss the indictments because defendant was not brought to trial at the next term of the court in which the indictment was triable after it was found.

The terms of the circuit court for Harney county were at that time the first Monday in April and the first Monday in October of each year. In 1933, the legislature passed an act which fixed the beginning of the

spring term in that county at the fourth Monday in March.

On March 26, 1932, defendant filed a motion for a continuance until the next term of court, supported by affidavits. The record is silent as to the court's action on this motion, but it must be presumed to have been granted as the defendant was not brought to trial at that term of court. On September 22, 1932, defendant again filed a motion for a continuance, "until the next term of the court, to wit, April, 1933". The record is silent as to what was the court's action on the motion and again we presume it was granted. The case was not set nor called for trial at the April, 1933, term of court. No motion was made for continuance nor did the defendant expressly consent to a continuance at that time. It was not set nor called for trial at the October term, 1933. No motion nor express consent to a continuance was made by defendant at that term. In January, 1934, defendant filed a motion to dismiss the indictments upon the ground that the state failed to prosecute at the next term in which the case was triable after the return of the indictment. This motion was supported by affidavits, and was contested by the state filing counter-affidavits, and on April 7, 1934, the motion was denied. The order denying the motion, among other things, recited:

"And it appearing to the court that the trial of the defendant under said indictments was continued for two terms of the court on the request of the defendant, and that thereafter trial on said indictments was continued by the tacit consent and acquiescence of both plaintiff and defendant, and that the defendant has waived the protection of the statute governing such matters, and that the state is not to blame for the delays in trying said cause, and said motion should be overruled and denied;

· Now, therefore, it is hereby ordered, adjudged and considered:

That the defendant's motion to dismiss said four indictments against him, and each thereof, be and the same is hereby overruled and denied; .

And it further appearing that the work and duties of this court in the other counties composing this judicial district is such that the court will not have time to try the defendant on said indictments at the present term of this court;

Now, therefore, it is further hereby ordered, adjudged and considered:

That the further hearing and trial of the defendant Roy E. Chadwick on said four indictments, and each thereof, be and the same is hereby set for the first day of October, 1934, and that said cases be continued until that date.''

On October 8, 1934, defendant again moved for a dismissal of the indictments for the reason that the state failed to prosecute at the next term of court in which the indictment was triable after it was found. This motion was also overruled. Defendant duly saved exceptions to all of the court's orders refusing to dismiss.

The constitutions of the United States and of the state of Oregon guarantee to parties, charged with crime, a speedy trial. In order to carry out this provision of the state constitution, the Oregon legislature enacted the following statute: [*State v. Putney,* 110 Or. 634 (224 P. 279)]:

"If a defendant indicted for a crime, whose trial has not been postponed upon his application or by his consent, be not brought to trial at the next term of court in which the indictment is triable, after it is found, the court must order the indictment to be dismissed, unless good cause to the contrary be shown." Oregon Code 1930, § 13-1602.

The first question to be determined is, What is the next term of court, after an indictment has been returned, in which a case is triable? A criminal case may not be tried until it is at issue. It is put at issue on a question of fact by a plea of "not guilty", or of former conviction: Oregon Code 1930, § 13-901. If a defendant, in a criminal action, by dilatory motions or otherwise, postpones joining issue, he should not be heard to complain of any delay caused by his own action: *Johnston v. Circuit Court of Multnomah County*, 140 Or. 100 (12 P. (2d) 1027); *State v. Stilwell*, 100 Or. 637 (198 P. 559). Defendant having moved for a continuance, we must presume that a plea was entered, and that the cause was at issue on a question of fact: Id. § 13-905. The case was not triable at the April, 1932, term of court because the defendant had moved for a continuance which was granted. It was not triable at the October, 1932, term of court, because the defendant again moved for a continuance which was granted. It will be observed that the motion for continuance asks only that it be continued until "the next regular term". The next regular term occurred on the third Monday of April, 1933, and no motion for continuance having been made at that time, the case was triable. It was also triable at the next regular term, being the third Monday in October, 1933, as no motion for a continuance was made at that time. Thus, the case went over two regular terms of court without being called or set for trial and without the consent of defendant. The motion for dismissal made in January, 1934, should have been granted "unless good cause to the contrary be shown".

■ Ordinarily this court will not review the findings of the circuit court as to whether such good cause has or has not been shown: *State v. Barrett*, 121 Or. 57 (254

P. 198). But where the court recites in its order the cause that existed why the case should be continued, then this court will consider whether the reason found by the court for the continuance is sufficient upon which to base an order denying dismissal of the indictments.

The order in the instant case recites: "* * * said indictments was continued by the tacit consent and acquiescence of both plaintiff and defendant * * *." We think that where the statute refers to the consent of defendant, it means his express consent. "Tacit" is defined in Funk & Wagnalls New Standard Dictionary as: "1. Existing, inferred, or understood without being openly expressed or stated; implied by silence or silent acquiescence; understood; implied; as, a *tacit* agreement; a *tacit* understanding. * * *"

The law imposes no duty on a defendant, charged with a crime, of calling his case for trial or insisting that it be set for trial at any particular time. That duty devolves upon the state. When the state sees fit to charge a defendant by indictment with the commission of a crime, it is equally the duty of the prosecutor to see that defendant is arraigned and enters a plea and speedily brought to trial, as it is to charge him with the offense in the first place: *State v. Rosenberg,* 71 Or. 389 (142 P. 624); *In re Clark,* 79 Or. 325 (154 P. 748, 155 P. 187). We think that consent means an express consent on the part of defendant that the case be continued: *State v. Barrett,* supra.

The order further recites as a reason that the case was set over to the October term of 1934:

"And it further appearing that the work and duties of this court in the other counties composing this judicial district is such that the court will not have time to try defendant on said indictments at the present term of this court."

That is not a good cause. It does not appear that the business of Harney county could not have been dispatched at "the present term of court". The business of the circuit court in any of the other counties was of no more importance than the business of that court in Harney county.

We have carefully examined all the authorities cited by counsel for respondent and find that they do not sustain the contention of respondent.

The motion to dismiss the indictments against defendant should have been allowed. The judgment of the lower court will be reversed and the cause remanded with instructions to dismiss the indictments and exonerate defendant's bondsman. It is so ordered.

BELT, J., did not participate in this decision.

RAND, J., concurs in the result.