Eugene **PORTER**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 14980.

United States Court of Appeals
District of Columbia Circuit.

Argued June 12, 1959.

Decided Sept. 3, 1959.

Petition for Rehearing En Banc Denied
Sept. 23, 1959.

Mr. John Silard, Washington, D. C.
(appointed by this court), for appellant.

Mr. Harry T. Alexander, Asst. U. S.
Atty., with whom Messrs. Oliver Gasch,
U. S. Atty., and Carl W. Belcher, Asst.
U. S. Atty., were on the brief, for appellee.

Before EDGERTON, WILBUR K. MILLER,
and BAZELON, Circuit Judges.

PER CURIAM.

In our opinion King v. United States,
105 U.S.App.D.C. 193, 265 F.2d 567, decided by this court in banc, requires us
to hold that appellant's right to a speedy
trial was not denied. We find no error
affecting substantial rights.

Affirmed.

BAZELON, Circuit Judge (dissenting).

From the date of his arrest on November 23, 1957, until his trial on charges of rape on May 20, 1958, appellant
was deprived of his freedom. If he had
had the price of a bail bond,[1] he would
have had his freedom during that six
month period. And he would have had
it during the ensuing 15 months pending
this appeal since it involves questions
which are plainly not frivolous. See
Ward v. United States, 1956, 76 S.Ct.
1063, 1 L.Ed.2d 25.

Appellant was indicted on December
23, 1957. At his arraignment on December 27, he pleaded not guilty, counsel was appointed to defend him, and trial
was set for February 18, 1958. The records of the District Court show that trial
dates were set and postponed (on each
date to the next subsequent date) as follows:

| | Date Set | Reason for Postponement |
|---|---|---|
| 1. | February 18, 1958 | Defense counsel "called in that he was snowbound." |
| 2. | March 11, 1958 | "Gov. request—Gov. wit. ill—complaining wit." |
| 3. | March 31, 1958 | "Criminal courts engaged in trial & this case not reached." |
| 4. | April 24, 1958 | Prosecutor "is engaged in trial." |
| 5. | May 1, 1958 | "at Govt. request—doctor went on leave without checking to see when case was scheduled for trial." |
| 6. | May 20, 1958 | Trial held. |

On May 5, 1958, appellant had written
a letter (filed May 14) to the Chief Judge
of the District Court, complaining that
he had "been denied due process of law."
This letter included an account of the
proceedings which differed from the Dis-

1. Bond was set in the amount of $3,000.00.
The schedule of rates charged at that time was $5.00 for each $100.00—$150.-00 for a $3,000.00 bond.

trict Court records in several respects, most significantly in stating that he had been called to court for trial on January 21, 1958, but that the complaining witness had not appeared and in stating that the complaining witness had likewise not appeared on four other such occasions. In addition, appellant alleged—and no denial appears—that when called to court for trial on March 20 [sic], 1958, he had "asked [his court-appointed] lawyer to file a motion for a direct acquittal, or a motion for a speedy trial" but that the lawyer "told me that if I wanted any motions filed, that I would have to file them myself." [2] He concluded by stating, "If this letter can serve as a motion. Let it be served."

Appellant's failure to petition the court for relief at an earlier date cannot be considered a waiver of his Sixth Amendment rights. Here, as in King v. United States,[3]

> "There was no time, during the long delay, when the trial was not set on schedule. How could he have demanded a speedy trial when he was constantly promised one? The date set for his trial was never as much as a month off. The defect was not that the court failed to grant appellant a speedy trial date, but that it granted him too many speedy trial dates and failed to keep them."

Appellant's account of the reasons for the continuances differs from those which appear in the record entries in the District Court. But even in the circumstances revealed by the record entries, I think the Government had an affirmative duty to protect appellant's right to a speedy trial, which it failed to discharge. According to those entries the first continuance, from February 18 to March 11 (a period of 21 days), was occasioned by the fact that appellant's counsel was snowbound for one day—February 18. The snowstorm was unavoidable but the 21-day delay resulting from the District Court's calendar system [4] might have been avoided if the Government or appellant's counsel had moved for a special setting. Since appellant had already been in jail for three months awaiting trial, it seems to me that the Government, no less than defense counsel, had a duty to call the case to the attention of the court for the purpose of accelerating trial, if at all possible.[5] This duty became greater as more time passed. Nevertheless, on April 24, when appellant had spent *five months* in jail, there was a further delay on the ground that the prosecutor was engaged in another trial. And on May 1, the case could not be tried because a Government witness had gone on vacation. It does not appear whether he had been advised of the trial date or whether he had sought to be excused.

The Government cannot leave sole responsibility for the integrity of the administration of criminal justice and the protection of constitutional rights to the

---

2. It seems clear to me that in the face of these allegations in the record, appellant should not have been brought to trial without an inquiry concerning these allegations and the propriety of allowing the same counsel to continue to represent appellant. See Brown v. United States, 1959, 105 U.S.App.D.C. 77, 264 F.2d 363, 369 (concurring opinion of Judge Burger), certiorari denied 1959, 360 U.S. 911, 79 S.Ct. 1299, 3 L.Ed.2d 1262.

3. 105 U.S.App.D.C. 193, 265 F.2d 567, 573 (dissenting opinion), certiorari denied 1959, 359 U.S. 998, 79 S.Ct. 1124, 3 L.Ed.2d 986.

4. Under that system, which is fully described in King v. United States, supra,

all postponed criminal cases were automatically carried over to the next day open on the calendar, which might be a month away. We are informally advised that that system has been changed to require that postponed jail cases automatically be carried over from day to day until reached and that in bail cases a reasonable effort be made to minimize the period of postponement. While commendable, this change does not validate the denial of appellant's right to a speedy trial.

5. See id., 265 F.2d at page 571, note 4 (dissenting opinion).

accused and his counsel. " * * * it is equally the duty of the prosecutor to see that defendant is arraigned and enters a plea and is speedily brought to trial, as it is to charge him with the offense in the first place. [Citing cases.]" State v. Chadwick, 1935, 150 Or. 645, 650, 47 P.2d 232, 234. "The whole business of indictment, arraignment and bringing to trial is in the hands of the prosecutor and the court, not the defendant * * *." State v. Crosby, Or.1959, 342 P.2d 831, 836. Most often the accused person is either ignorant of his rights or without the intellectual or financial means for asserting them. And his lawyer may refuse to do so, as appellant charges here.

Whether by the Government's neglect or defense counsel's alleged dereliction or both, appellant—without funds or friends—spent six months in jail although innocent, according to the law's most sacred presumption. This deprivation of liberty "to suit the convenience of others" was a matter of "obvious and very serious prejudice" to him. King v. United States, supra, 265 F.2d at page 573 (dissenting opinion). I think the purpose of the constitutional command for a speedy trial and Rule 48(b), Fed. Rules Crim.Proc. 18 U.S.C.A. are at least broad enough to prevent such wanton devitalization of the presumption of innocence. See King v. United States, supra, 265 F.2d at page 568, where the majority carefully pointed out that "the prosecutor had no part in any of the delays."

I would reverse the conviction and remand the case to the District Court with directions to dismiss the indictment.