Argued and submitted July 15, reversed September 9, 1987

# STATE OF OREGON,
*Respondent,*

*v.*

# HARRY HARPER CLARKSON, JR.,
*Appellant.*

## (M 475687; CA A41631)

742 P2d 657

Stephen Shurin, Portland, argued the cause and filed the brief for appellant.

Douglas F. Zier, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

YOUNG, J.

**YOUNG, J.**

Defendant appeals his conviction for driving while under the influence of intoxicants (DUII), a misdemeanor. *Former* ORS 487.540. He assigns error to the denial of his motion to dismiss on the ground that he was denied his right to a trial within 90 days after demand, ORS 135.763(1), and, alternatively, the denial of his constitutional right to a speedy trial under the state and federal constitutions. We conclude that his statutory rights were violated and reverse.[1]

In September, 1984, defendant was charged with DUII and an attorney was appointed to represent him. On September 21, he pled not guilty. Shortly thereafter, he was sentenced to the penitentiary on other convictions. He did not hear from that attorney again.

On October 26, 1985, defendant, while still an inmate at the penitentiary, made a written demand on the district attorney for a "speedy resolution" of the DUII charge. Trial was set for December 19, and an attorney was appointed to represent him. On December 18, the attorney moved for a continuance. The attorney believed that a continuance was necessary, because there had been no discovery and the attorney had had no contact with defendant. A continuance was granted until April 4, 1986. On that date, trial was again postponed, because the attorney had had no contact with defendant and she had no knowledge of his whereabouts. Defendant was released from the penitentiary on April 4. He was arrested on a bench warrant on June 11, and another attorney was appointed to represent him. Trial on the DUII charge was again set for June 26, and reset to July 2. On that date, defendant's motion to dismiss was denied, and he was found guilty of DUII.

■ An inmate who has pending criminal charges has a statutory right to demand that he be brought to trial on the charges forthwith. ORS 135.760(1). Once a demand is made, ORS 135.763(1)[2] requires that the inmate be brought to trial

---

[1] Because the statutory issue is dispositive, we do not reach defendant's contention that his constitutional rights to a speedy trial were denied.

[2] ORS 135.763(1) provides:

"The district attorney, after receiving a notice requesting trial under ORS 135.760, shall within 90 days of receipt of the notice, bring the inmate to trial upon the pending charge."

within 90 days, unless a continuance is granted pursuant to ORS 135.763(2), which provides:

> "A continuance may be granted upon the request of the district attorney and with the consent of the inmate. The court shall grant any continuance with the consent of the defendant. The court may grant a continuance on motion of the district attorney for good cause shown. The fact of imprisonment is not good cause for the purposes of this subsection."[3]

In *State v. Chadwick,* 150 Or 645, 650, 47 P2d 232 (1935), the defendant assigned error to the failure to bring him to trial at the next term of court, as was provided by another former speedy trial statute, Oregon Code 1930, § 13.1602 (now, as amended, ORS 135.747). The order denying the defendant's motion to dismiss recited that

> "trial on said indictments was continued by the tacit consent and acquiesence of both plaintiff and defendant, and that defendant has waived the protection of the statute * * *."

The Supreme Court reversed the conviction and held that the former statute required the defendant's "express consent" to a continuance, rather than a tacit or implied consent. In *State v. Arwood,* 46 Or App 653, 612 P2d 763 (1980), the defendant asserted his right to a trial within 180 days as provided by the Interstate Agreement on Detainers. ORS 135.775. We relied on *State v. Chadwick, supra,* and held that something more than the defendant's silence on arraignment was required to belie his earlier intention. The defendant's failure to object to the trial date and his waiting until the statutory time had passed to raise the matter did not constitute consent to a continuance. We hold that, once an inmate requests a speedy trial, ORS 135.763(2) also requires the inmate's express consent to a continuance of the trial of pending criminal charges.

■  In the present case, defendant was never contacted by the court-appointed attorney, who moved for and obtained the two continuances. Accordingly, defendant never gave, nor did he have the opportunity to give, his express consent to the continuances. It was error to deny the motion to dismiss.

Reversed.

---

[3] Failure to comply with ORS 135.763 requires dismissal of the pending criminal charge. ORS 135.765; *State v. Kent,* 5 Or App 298, 484 P2d 1109 (1971).