Argued and submitted October 23, 1991, affirmed July 1, reconsideration denied October 28, petition for review allowed November 24, 1992 (314 Or 727)

# STATE OF OREGON,
*Respondent,*

*v.*

# CLAYTON R. HUNTER,
*Appellant.*

## (CM 89-1083; CA A66033)

833 P2d 1352

Peter Gartlan, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were

Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Joseph, Chief Judge, and Deits, Judge.

DEITS, J.

**DEITS, J.**

Defendant was convicted of robbery in the first degree, ORS 164.415, and burglary in the first degree. ORS 164.225. On appeal, he contends that the case should have been dismissed because he filed a demand for speedy trial pursuant to ORS 135.763 and the trial did not take place within 90 days of that notice as required by the statute. We affirm.

Defendant was indicted on December 19, 1989. On January 9, 1990, the district attorney received defendant's "Demand Notice for Speedy Trial," which stated that he was incarcerated in the Oregon State Penitentiary and was requesting, under ORS 135.760, speedy resolution of all felony charges against him. At defendant's arraignment on January 19, 1991, the court discussed his demand for a speedy trial and explained the court's normal procedure. The court stated that the case would be continued to allow defense counsel to complete discovery and to allow pleas to be entered before the trial date would be set. Defense counsel then explained to defendant that that would mean that the trial would not take place within 90 days:

> "THE COURT: All right, I assume then [defense counsel], that you'll want to have this matter continued to allow you some time for discovery and to enter into any negotiations with the district attorney, is that correct?
>
> "[DEFENSE COUNSEL]: That is correct * * *, my client indicates that he doesn't have any release date set soon, so *there seems to be no hurry* and I would like the full 30 days if I could, just because I have so many other things happening these days.
>
> "THE COURT: All right. [Defendant] on December 29th *you sent a Speedy Trial Request Notice?*
>
> "DEFENDANT: Yes, I did.
>
> "THE COURT: And we would intend to proceed with this matter as quickly as possible. Our normal process, though, is to continue the matters after arraignment for four weeks to allow the defense lawyer to get his discovery and enter into any plea discussions, then if a Not Guilty plea is entered after four weeks, then we assign a trial date as soon as practical.
>
> "You understand our procedure then?
>
> "DEFENDANT: Yes.

"THE COURT: And is this agreeable with you?

"[DEFENSE COUNSEL]: *It does mean that [the trial] might not be tried with 60 or 90 days*, whichever is applicable.

"THE COURT: [Defense counsel] says you don't have a [penitentiary] release date coming up?

"DEFENDANT: No, I don't.

"THE COURT: Do you anticipate one coming up, say before the end of March?

"DEFENDANT: No, I don't, your Honor. *I just didn't want this to be strung out for a long period of time and wouldn't be coming back for more here.*

"THE COURT: Hopefully, *we'll have you back in four weeks* * * *. And then *at that time if a Not Guilty plea is entered, we'll be assigning a trial date, so that there should not be too many times you'll have to be brought back.*

"DEFENDANT: *Okay, that's all I was worried about.*" (Emphasis supplied.)

On February 16, defendant appeared at a hearing on the state's motion to have his trial consolidated with his brother's trial. At that hearing, defense counsel stated, in defendant's presence, that there was no hurry and accepted without question a trial date of May 7, which would be after the 90 days had passed:

"THE COURT: * * *.

"What, as far as looking for a trial date, or dates, what — the defendants are both in custody for how long. Do they have any release dates that we need to be concerned about?

"* * * * *

"[DEFENSE COUNSEL]: It will be next year for my client, your Honor. So as far as we are concerned the Court doesn't have to feel like we need to be concerned about that.

"THE COURT: All right. I really feel that I'm going to have to grant separate trials. Does the State have any preferences to which one you would like to try first?

[DEFENSE COUNSEL]: I volunteer, your Honor. I think mine is the more serious charge * * *.

"* * * * *

"THE COURT: With [defendant] first. All right. I will set [defendant's] trial for Monday, May the 7th.

"'* * * * *

"[PROSECUTOR]: Let me understand, May 7th for [defendant], is that right?

"THE COURT: For [defendant]. May the 14th for [codefendant].

"[DEFENSE COUNSEL]: Thank you very much, your Honor."

The trial was held on May 23, 1990, after an additional one-day continuance requested by the state and another continuance after defendant's counsel was replaced. At trial, defendant moved to dismiss on the ground that the trial had not taken place within 90 days after the demand for speedy trial. The motion to dismiss was heard on June 1, 1990, after defendant had been convicted. The trial court denied the motion. It found that defendant had made an express statement at arraignment that the trial could be set for a date after the 90-day period would have expired. The court also found that defendant consented to the delay when, in his presence at the February 19 hearing, his attorney agreed to the trial date.

■ Both the Oregon and United States Constitutions guarantee a speedy trial to persons charged with a crime, and the legislature has enacted statutes to carry out the constitutional provisions.[1] *State v. Chadwick*, 150 Or 645, 648, 47 P2d 232 (1935). ORS 135.760[2] gives inmates the right to

---

[1] Oregon Constitution, Article I, section 10, provides:

"No court shall be secret, but justice shall be administered, openly and without purchase, completely and without delay * * *."

United States Constitution, Amendment VI, provides:

"In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial * * *."

[2] ORS 135.760 provides:

"(1) Any inmate in the custody of the Department of Corrections against whom there is pending at the time of commitment or against whom there is filed at any time during imprisonment, in any court of this state, an indictment, information or criminal complaint charging the inmate with the commission of a crime, may give written notice to the district attorney of the county in which the inmate is so charged requesting the district attorney to prosecute and bring the inmate to trial on the charge forthwith.

"(2) The notice provided for in subsection (1) of this section shall be signed by the inmate and set forth the place and term of imprisonment. A copy of the notice shall be sent to the court in which the inmate has been charged by indictment, information or complaint."

demand speedy disposition of any outstanding charge. ORS 135.763 provides:

"(1) The district attorney, after receiving a notice requesting trial under ORS 135.760, shall, within 90 days of receipt of the notice, bring the inmate to trial upon the pending charge.

"(2) A continuance may be granted upon the request of the district attorney and with the consent of the inmate. *The court shall grant any continuance with the consent of the defendant. The court may grant a continuance on motion of the district attorney for good cause shown.* The fact of imprisonment is not good cause for the purposes of this subsection." (Emphasis supplied.)

On motion of the defendant or on the court's own motion, any charge not brought to trial in accordance with ORS 135.763 must be dismissed. ORS 133.765.[3]

Defendant argues that the statute requires a clear and definite waiver personally made by the defendant and that defendant did not do that here. In *State v. Clarkson*, 87 Or App 342, 742 P2d 657 (1987), we held that it was error to deny a motion to dismiss when a defendant who had requested a speedy trial never gave, or had the opportunity to give, his express consent to continuances beyond the statutory period. The defendant was charged with a misdemeanor, an attorney was appointed to represent him, and he pled not guilty. Shortly thereafter, he was sentenced to the penitentiary on other convictions and never heard from that attorney again. The defendant requested a speedy trial under ORS 135.760. A second attorney was appointed to represent him. That attorney twice moved to have defendant's trial postponed on the ground that she had had no contact with him and did not know his whereabouts. We held that, as explained by the Supreme Court in *State v. Chadwick, supra,* 150 Or at 650, the speedy trial statutes[4] require a defendant's "express

---

[3] ORS 135.765 provides:

"On motion of the defendant or the counsel of the defendant, or on the own motion of the court, the court shall dismiss any criminal proceeding not brought to trial in accordance with ORS 135.763."

[4] *State v. Chadwick, supra,* 150 Or at 650, addressed *former* 1 Oregon Code Annotated (1930) § 13-1602, which also provided that a trial could be postponed beyond the statutory period if the defendant consented to the postponement.

consent" to a continuance, rather than a tacit or implied consent. *State v. Clarkson, supra*, 87 Or App at 345.

Unlike in *Clarkson*, defendant here agreed to delay the trial. At arraignment, the court and the defense attorney specifically discussed with him that, if the normal procedures for discovery and arraignment were followed, the trial might be held after the statutory 90 days had passed. The court asked defendant if that was agreeable to him. He responded that it was, if the case would not be "strung out for a long period" and he "wouldn't be coming back for more here." At the consolidation hearing, while defendant was in the courtroom, his attorney agreed to a trial date that was a month after the statutory period would expire. We conclude that, by defendant's words and actions at the two hearings, he consented to the delay.

■    Defendant next argues that, even if he consented to the delay, the proceeding should have been dismissed because ORS 135.763 requires that the state must move for a continuance in order to avoid the 90-day time limit, which it did not do. In *State v. Person*, 113 Or App 40, 831 P2d 700 (1992), we held that the state must move for a continuance before the court can grant one under the "good cause" exception. However, nothing in the statute prevents the trial court from continuing a case without a motion from the state, if it has the defendant's consent.

■    Defendant also argues that, in spite of his acceptance of the procedures and the timing of the case, it remained "the prosecutor's responsibility to voice a concern for a more immediate trial date" when the court set the trial date. We have held that "[i]t is the responsibility of the state, not the court or the defendant, to bring a case to trial within the statutory time." *State v. Guest*, 103 Or App 594, 598, 798 P2d 708 (1990), *rev den* 311 Or 187 (1991) (citing *State v. Gilliland*, 90 Or App 477, 481, 752 P2d 1255 (1988)); *State v. Arwood*, 46 Or App 653, 612 P2d 763 (1980). Under the circumstances here, the trial court and defendant's own counsel specifically pointed out to him that, if the proposed procedures were followed, the trial would be held after the 90-day time limit. Because both defendant and his counsel indicated their agreement to and acceptance of that, the state was not required to demand that the case be brought to trial

within the 90-day time period. *See State v. Person, supra*, 113 Or App at 43. The trial court did not err in denying the motion to dismiss.

Affirmed.