Argued and submitted January 6, decision of the Court of Appeals affirmed on different grounds and judgment of circuit court affirmed May 6, 1993

# STATE OF OREGON,
*Respondent on Review,*

*v.*

# CLAYTON R. HUNTER,
*Petitioner on Review.*

## (CC CM 89-1083; CA A66033; SC S39598)

850 P2d 366

Peter Gartlan, Deputy Public Defender, Salem, argued the cause and filed the petition for petitioner on review. With him on the petition was Sally L. Avera, Public Defender, Salem.

Robert B. Rocklin, Assistant Attorney General, Salem, argued the cause for respondent.

GILLETTE, J.

## GILLETTE, J.

In this criminal case, defendant moved to dismiss the charges against him on the ground that the state had failed to bring him to trial within 90 days of receipt of his speedy trial notice. Trial within 90 days is required by ORS 135.763(1), set out *infra*, subject to certain exceptions. The trial court denied the motion, finding that defendant's counsel had "waived the 90-day period." The case proceeded to trial. Defendant was convicted. On appeal, the Court of Appeals affirmed on the ground that defendant himself had "consented to the delay." *State v. Hunter*, 113 Or App 713, 719, 833 P2d 1352 (1992). We also affirm, but on different grounds.

The statutory provisions pertinent to this proceeding are ORS 135.760, 135.763, and 135.765. Those statutes provide inmates in the custody of the Department of Corrections a right to a speedy trial on criminal charges pending against the inmates in Oregon courts.

ORS 135.760 provides:

"(1)   Any inmate in the custody of the Department of Corrections against whom there is pending at the time of commitment or against whom there is filed at any time during imprisonment, in any court of this state, an indictment, information or criminal complaint charging the inmate with the commission of a crime, may give written notice to the district attorney of the county in which the inmate is so charged requesting the district attorney to prosecute and bring the inmate to trial on the charge forthwith.

"(2)   The notice provided for in subsection (1) of this section shall be signed by the inmate and set forth the place and term of imprisonment. A copy of the notice shall be sent to the court in which the inmate has been charged by indictment, information or complaint."

ORS 135.763 provides:

"(1)   The district attorney, after receiving a notice requesting trial under ORS 135.760, shall, within 90 days of receipt of the notice, bring the inmate to trial upon the pending charge.

"(2)   A continuance may be granted upon the request of the district attorney and with the consent of the inmate. The

court shall grant any continuance with the consent of the defendant. The court may grant a continuance on motion of the district attorney for good cause shown. The fact of imprisonment is not good cause for purposes of this subsection."

Finally, ORS 135.765 provides:

"On motion of the defendant or the counsel of the defendant, or on the own motion of the court, the court shall dismiss any criminal proceeding not brought to trial in accordance with ORS 135.763."

On December 19, 1989, defendant was indicted on four charges in Benton County. On January 9, 1990, the Benton County District Attorney received defendant's "Demand Notice for Speedy Trial," which stated that defendant was incarcerated in the Oregon State Penitentiary and that he was requesting trial on the Benton County charges within 90 days pursuant to ORS 135.760 and 135.763(1), *supra*.[1] The 90th day from January 9, 1990, was April 9, 1990. Under ORS 135.763(1), trial had to commence on or before that date.

Defendant was transported to Benton County for arraignment. On January 19, 1990, at that arraignment, the following colloquy occurred among the trial court, defendant, and defendant's counsel:

"THE COURT:   * * * All right, I assume then [defense counsel], that you'll want to have this matter continued to allow you some time for discovery and to enter into any negotiations with the district attorney, is that correct?

"[DEFENSE COUNSEL]:   That is correct, your Honor. Your Honor, my client indicates that he doesn't have any release date set soon, so there seems to be no hurry and I would like the full 30 days if I could, just because I have so many other things happening these days.

"THE COURT:   All right, [defendant,] on December 29th you sent a Speedy Trial Request Notice?

"THE DEFENDANT:   Yes, I did.

---

[1] No party has raised any issue in this case concerning service of a copy of the inmate's demand for a speedy trial on the court under ORS 135.760(2). We therefore do not address that requirement further.

"THE COURT: And we would intend to proceed with this matter as quickly as possible. Our normal process, though, is to continue the matters after arraignment for four weeks to allow the defense lawyer to get his discovery and enter into any plea discussions, then if a Not Guilty plea is entered after four weeks, then we assign a trial date as soon as practical.

"You understand our procedure then?

"THE DEFENDANT: Yes.

"THE COURT: And this is agreeable with you?

"[DEFENSE COUNSEL]: It does mean that it might not be tried within 60 days, or 90 days, whichever is applicable.

"THE COURT: Do you have a release? [Defense counsel] says you don't have a release date coming up quite?

"THE DEFENDANT: No, I don't.

"THE COURT: Do you anticipate one coming up, say before the end of March?

"THE DEFENDANT: No, I don't, your Honor. I just didn't want this to be strung out for a long period of time and wouldn't be coming back for more here.

"THE COURT: Hopefully, we'll have you back in four weeks, on February the 16th at 2:00 o'clock. And then at that time if a Not Guilty plea is entered, we'll be assigning a trial date, so that there shouldn't be too many times you'll have to be brought back.

"THE DEFENDANT: Okay, that's all I was worried about.

"THE COURT: All right."

On February 16, 1990, defendant returned to court and entered pleas of not guilty to the four charges against him. The court then heard the state's motion to consolidate defendant's trial with that of his co-defendant. Following arguments on that motion, this exchange occurred:

"THE COURT: * * *

"What, as far as looking for a trial date, or dates, what — the defendants are both in custody for how long. Do they have any release dates that we need to be concerned about?

"* * * * *

"[DEFENSE COUNSEL]: It will be next year for my client, your Honor. So as far as we are concerned the Court doesn't have to feel like we need to be concerned about that.

"THE COURT: All right, I really feel that I'm going to have to grant separate trials. Does the State have any preferences to which one you would like to try first?

"[DEFENSE COUNSEL]: I volunteer, your Honor. I think mine is the more serious charge * * *.

"* * * * *

"[DISTRICT ATTORNEY]: Yes, I think we would go with [defendant] first.

"THE COURT: With [defendant] first. All right, I will set [defendant's] trial for Monday, May the 7th. * * *

"* * * * *

"[DISTRICT ATTORNEY]: Let me understand, May 7th for [defendant], is that right?

"THE COURT: For [defendant]. May the 14th for [codefendant].

"[DEFENSE COUNSEL]: Thank you very much, your Honor."

Defendant next appeared in court on the date scheduled for his trial, May 7, 1990 — 28 days after the expiration of the 90-day period. At that appearance, defense counsel moved for a one-day continuance. Defendant, however, made a somewhat different request of the court:

"THE DEFENDANT: In the time [defense counsel] has been my attorney, I've talked to him about my case on one time on May 5th for approximately 20 minutes. In that time, I informed [defense counsel] that he was fired from my case.

"* * * * *

"Your Honor, I ask you to grant me a continuance, in which time I'd like to retain my own counsel. I know this request is late and it's a bad time for the District Attorneys, but I did ask [defense counsel] on the 2nd of May that I wanted a continuance."

After further discussions, the court granted defendant's request:

"THE COURT: * * * * *

"So I'm going to do the following: I'm going to continue the case, and I'm going to remove [defense counsel] from the case. And I'm going to appoint [defendant] a new attorney and have [defendant] appear tomorrow morning at 9:00 with a new attorney. * * * And then when the attorney appears tomorrow morning at 9:00 we'll set a trial date."

The following morning, May 8, 1990, defendant appeared with his new counsel. Counsel raised the issue of defendant's speedy trial request and asked if the request was in the court's file. The court responded, "It's not in the court file. And if he did, he's requested a continuance. So, it's irrelevant." The court then set a trial date of May 30.

Before trial, defendant moved to dismiss the case pursuant to ORS 135.765, on the ground that he had not been brought to trial within 90 days of the date that the Benton County District Attorney received his speedy trial notice. The court heard arguments on the motion on June 1, 1990, after defendant had been convicted. The court denied the motion, concluding that defendant's counsel had "waived the 90-day period" at the hearing on February 16 by "indicating that there was no rush in setting the trial date and allowing [the court] to set the trial date up more than 90 days down the line."

On appeal from his convictions, defendant assigned as error the denial of his motion to dismiss. The Court of Appeals affirmed, reasoning:

"In *State v. Clarkson*, 87 Or App 342, 742 P2d 657 (1987), we held that it was error to deny a motion to dismiss when a defendant who had requested a speedy trial never gave, or had the opportunity to give, his express consent to continuances beyond the statutory period. * * *

"Unlike in *Clarkson*, defendant here agreed to delay the trial. At arraignment, the court and the defense attorney specifically discussed with him that, if the normal procedures for discovery and arraignment were followed, the trial might be held after the statutory 90 days had passed. The court asked defendant if that was agreeable to him. He responded that it was, if the case would not be 'strung out for a long period' and he 'wouldn't be coming back for more here.' At the consolidation hearing, while defendant was in the courtroom, his attorney agreed to a trial date that was a month after the statutory period would expire. We conclude that, by

defendant's words and actions at the two hearings, he consented to the delay."

*State v. Hunter, supra*, 113 Or App at 718-19.

We allowed review in this case to address the issue whether a defendant's "consent" under ORS 135.763(2) must be express or may be implied, but we now conclude that the case turns on a different concept, that of waiver. The parties and the courts below have used the terms "consent" and "waiver" loosely. As we explain below, however, those concepts are not interchangeable in the context of an inmate's speedy trial right.

■ Once a district attorney has received an inmate's notice requesting speedy trial under ORS 135.760 to 135.765, four scenarios are possible, only one of which requires dismissal under ORS 135.765:

> (1) *The inmate is brought to trial within 90 days.*

When trial occurs within 90 days of the district attorney's receipt of the speedy trial notice, ORS 135.765 does not require dismissal, because the inmate has been "brought to trial in accordance with ORS 135.763."

> (2) *The inmate is not brought to trial within 90 days because of one or more continuances of the trial granted in accordance with ORS 135.763(2).*

When trial occurs beyond the 90-day period, but one or more continuances of the trial beyond that period were granted in accordance with ORS 135.763(2), ORS 135.765 does not require dismissal because, again, the inmate has been "brought to trial in accordance with ORS 135.763."

> (3) *The inmate is not brought to trial within 90 days, but the inmate has waived his right to speedy trial under ORS 135.760 to 135.765.*

■ Rights, even of constitutional dimension, can be waived. *See, e.g., State v. Meyrick*, 313 Or 125, 132, 831 P2d 666 (1992) (illustrating principle — waiver of right to counsel). That principle applies to the statutory rights created under ORS 135.760 to 135.765. When trial occurs beyond the 90-day period, but the inmate has intentionally relinquished

or abandoned his or her right to trial within that period, ORS 135.765 does not require dismissal, because the inmate has waived the right to be "brought to trial in accordance with ORS 135.763."

> (4) *The inmate is not brought to trial within 90 days, but the delay is **not** the result of a continuance of the trial granted in accordance with ORS 135.763(2), and the inmate has **not** waived his right to a speedy trial.*

When trial occurs beyond the 90-day period, and there was neither a continuance of the trial beyond that period granted in accordance with ORS 135.763(2), nor a waiver of the speedy trial right by the defendant, ORS 135.765 requires dismissal, in that circumstance, because the defendant has "not been brought to trial in accordance with ORS 135.763."

In the present case, the Benton County District Attorney received defendant's speedy trial notice on January 9, 1990. Defendant was not brought to trial within 90 days of that date. Consequently, under the statutory scheme as set forth above, the trial court's denial of defendant's motion to dismiss under ORS 135.765 was incorrect unless either (1) one or more continuances of the trial beyond the 90-day period were granted in accordance with ORS 135.763(2) *or* (2) defendant waived his right to a speedy trial. We conclude that denial of the motion to dismiss was correct in this instance because defendant waived his right to a speedy trial.

■  We speak of "waiver" rather than "consent" for an important reason. ORS 135.763(2) provides for continuances of the trial beyond the 90-day period in two circumstances: (1) on motion of the district attorney for good cause shown, or (2) with the *consent* of the defendant. Thus, within the context of an inmate's speedy trial right under ORS 135.760 to 135.765, the word "consent" has a specific meaning − it refers to the defendant's consent *to a continuance* of the trial beyond the 90-day period. To say, as the Court of Appeals did here, that the defendant "consented to the delay" is merely to confuse matters. If the trial was continued beyond the 90-day period, then whether the defendant consented *to that continuance* will be a relevant, and possibly dispositive, inquiry

under ORS 135.763(2). However, where, as here, the original trial date was set beyond the 90-day period *without* a continuance,[2] ORS 135.763(2) is inapplicable, and the relevant inquiry is whether the defendant "waived" the right to speedy trial, not whether he or she "consented" to the delay beyond the 90 days.

■ "A waiver is an intentional relinquishment or abandonment of a known right or privilege." *State v. Meyrick, supra,* 313 Or at 132. Although a waiver must be intentional, there is no particular formula for determining whether a waiver has occurred. "Whether there has been an intentional relinquishment or abandonment of a known right or privilege will depend upon the particular circumstances of each case * * *." *Ibid.*

■ Based on the particular circumstances of this case, we hold that defendant waived his statutory right to speedy trial at his arraignment on January 19, 1990. At that hearing, the court raised the issue of defendant's speedy trial request and explained the court's normal procedure of continuing the case for four weeks following arraignment. Defendant's exchange with the court shows that defendant was apprised that his trial might not occur within the 90-day speedy trial period if the continuance were granted. On learning of this possibility, defendant did not insist on being tried within the 90-day period. Instead, he indicated that he "just didn't want this to be strung out for a long period of time." When the court told defendant that he would not have to return to court "too many times," defendant voiced his satisfaction. We think that defendant's words, when read in the context of the court's statements, as supplemented by defense counsel's statements, show that defendant no longer insisted on being tried within the 90-day

---

[2] We need not decide whether the four-week continuance granted at defendant's arraignment on January 19, 1990, was or was not a continuance of the *trial,* as contemplated by ORS 135.763(2), because the delay created by that continuance did not extend beyond the 90-day limit. Moreover, in denying defendant's motion to dismiss, the trial court expressly stated that, following the four-week continuance, "the trial date could have been set * * * within the 90-day period of time and would have been set had the 90-day notice and requirement been brought to the Court's attention." Thus, the four-week continuance did not cause the trial to be set beyond the 90-day period.

The continuance granted on May 7, 1990, was a continuance of the trial; however, that continuance did not cause the trial to be set beyond the 90-day period because, by May 7, the 90-day period already had expired.

speedy trial period. By intentionally relinquishing his right to speedy trial, defendant waived that right.

■ Defendant argues, however, that he could not have waived his speedy trial right at his arraignment on January 19, because the trial court "specifically found that it was not addressing defendant's speedy trial waiver at the arraignment." That argument is based on comments made by the court in ruling later on the motion to dismiss, in which the court stated: "I am not completely certain that. * * * [defendant's] statements * * * on January the 19th necessarily would constitute a waiver of the 90-day period because *it was not my intent at that stage necessarily to waive the — the 90 days.*" (Emphasis supplied.) Waiver, however, is an act of the person holding the right to be waived. It is not a contract requiring that there be a meeting of minds between the defendant and the court. The court does not have to intend that there be a waiver by a defendant, so long as the *defendant* intended a waiver and the record so demonstrates. In this case, because it is clear that defendant intentionally waived his right to speedy trial, it does not matter whether the court intended to ask defendant for a waiver.

Finally, we note that, by his behavior in his other court appearances after his arraignment, defendant confirmed that he had waived his right to speedy trial at that arraignment. On February 16, defendant was present in the court when his lawyer agreed to a trial date nearly a month beyond the expiration of the 90-day period. On May 7, when that trial date arrived, rather than ask that the case be dismissed for violation of his speedy trial right, defendant asked for a continuance. Both the February and May events confirm that defendant himself knew that he had relinquished his right to speedy trial at his arraignment.

Because defendant waived his right to speedy trial, the trial court was correct in denying his motion to dismiss under ORS 136.765. The Court of Appeals was correct in affirming the trial court ruling, but the proper ground is "waiver," rather than "consent."

The decision of the Court of Appeals is affirmed, but on different grounds. The judgment of the circuit court is affirmed.