Submitted March 31, affirmed November 19, 2008

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## JOSHUA PHILIP BECKER,
*Defendant-Appellant.*

Lane County Circuit Court
200304809; A124058

197 P3d 44

Ingrid Swenson, Executive Director, Peter Gartlan, Chief Defender, and Stephanie Hortsch, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Janet A. Klapstein, Senior Assistant Attorney General, filed the brief for respondent.

Before Edmonds, Presiding Judge, and Sercombe, Judge, and Riggs, Senior Judge.

SERCOMBE, J.

## SERCOMBE, J.

Defendant appeals a judgment of conviction for various crimes, contending that the trial court erred by denying his motion to dismiss the indictment. Defendant requested a trial within 90 days under ORS 135.760.[1] That statute allows a demand for a prompt trial by an inmate who is charged with new crimes. On receipt of such a demand, ORS 135.763 obligates the state to bring the inmate to trial within 90 days.[2] When defendant was not brought to trial within that time, he moved to dismiss the proceedings under ORS 135.765(1).[3] On appeal, defendant challenges the trial court's conclusion that, having invoked his statutory right to a trial within 90 days, defendant lost that right when he was released from custody before the 90-day period expired. Because the relevant facts are not in dispute, we review the trial court's conclusion for errors of law. *State v. Hunter*, 316 Or 192, 201, 850 P2d 366 (1993). We affirm.

On March 10, 2003, defendant was indicted by the Lane County grand jury for the crimes of forgery in the first

___

[1] ORS 135.760 provides:

"(1) Any inmate in the custody of the Department of Corrections or of the supervisory authority of a county pursuant to a commitment under ORS 137.124(2) against whom there is pending at the time of commitment or against whom there is filed at any time during imprisonment, in any court of this state, an indictment, information or criminal complaint charging the inmate with the commission of a crime, may give written notice to the district attorney of the county in which the inmate is so charged requesting the district attorney to prosecute and bring the inmate to trial on the charge forthwith.

"(2) The notice provided for in subsection (1) of this section shall be signed by the inmate and set forth the place and term of imprisonment. A copy of the notice shall be sent to the court in which the inmate has been charged by indictment, information or complaint."

[2] ORS 135.763 provides:

"(1) The district attorney, after receiving a notice requesting trial under ORS 135.760, shall, within 90 days of receipt of the notice, bring the inmate to trial upon the pending charge.

"(2) The court shall grant any reasonable continuance with the consent of the defendant. Notwithstanding the defendant's lack of consent, the court may grant a continuance on motion of the district attorney or on its own motion, for good cause shown. The fact of imprisonment is not good cause for the purposes of this subsection."

[3] ORS 135.765(1) provides: "On motion of the defendant or the counsel of the defendant, or on its own motion, the court shall dismiss any criminal proceeding not brought to trial in accordance with ORS 135.763."

degree, ORS 165.013; theft in the first degree, ORS 164.055; possession of a controlled substance, *former* ORS 475.992(4)(b), *renumbered as* ORS 475.840 (2005); computer crime, ORS 164.377(2); and criminal possession of a forged instrument, ORS 165.017. Defendant sent an ORS 135.760 notice to the district attorney on April 8, stating that he was serving a three-month sentence in Washington County and requesting trial within 90 days on the Lane County charges. The notice was received by the district attorney on April 17. Under ORS 135.763(1), the district attorney was obligated "within 90 days of receipt of the notice, [to] bring the inmate to trial upon the pending charge[s]," *i.e.*, by July 16, 2003.[4]

Defendant was transported to Lane County for a May 7 arraignment and again for a June 11 pretrial hearing. At that hearing, the district attorney informed the court that defendant was not represented by counsel and might not have been notified of his July 1, 2003, trial date. The court set over the trial date to September 9 without asking for defendant's consent or explaining the delay on the record. The court also determined that defendant had served his Washington County sentence and released him from custody. The September trial date was continued to October 2003 and then again to February 2004.

In January 2004, defendant moved for dismissal under ORS 135.765 because he had not been brought to trial within 90 days of receipt of his early trial request. Following an evidentiary hearing, the court denied the motion to dismiss. Defendant was convicted of the five charges after a stipulated facts trial. Defendant appeals from the judgment of conviction.

---

[4] ORS 135.760(1) allows demand for early trial on pending charges for "[a]ny inmate in the custody of the Department of Corrections or of the supervisory authority of a county pursuant to a commitment under ORS 137.124(2)[.]" ORS 137.124(2), in turn, requires a court to "commit the defendant to the legal and physical custody of the supervisory authority of the county in which the crime of conviction occurred" if the court imposes a "sentence upon conviction of a felony that includes a term of incarceration that is 12 months or less." Otherwise, a defendant who is convicted of a felony is committed to the custody of the Department of Corrections. ORS 137.124(1). A misdemeanant is committed to the supervisory authority of the county in which the crime occurred. ORS 137.124(4). The trial court record does not disclose whether defendant was incarcerated for a felony conviction at the time of his 90-day trial request. The state did not argue below that defendant was not within the scope of ORS 135.760.

Defendant's argument is straightforward: once an inmate properly requests a trial under ORS 135.760, ORS 135.763(1) obligates the state to bring that person to trial within 90 days of receiving the request, unless the defendant consents to the delay or the court grants a continuance for good cause under ORS 135.763(2). Here, defendant was not tried in 90 days, although he properly made his request and did not consent to the delay, and the court did not explain the delay on the record.[5] Because ORS 135.765(1) provides that "[t]he court shall dismiss any criminal proceeding not brought to trial in accordance with ORS 135.763," defendant contends that the trial court was required to dismiss the charges against him.

The state's argument is equally straightforward. It asserts that the text of ORS 135.760 to 135.765 limits its application to "inmates," *i.e.*, persons who are incarcerated at the time of the operation of those statutes. ORS 135.763(1) requires that "[t]he district attorney, after receiving a notice requesting trial under ORS 135.760, shall, within 90 days of receipt of the notice, bring the *inmate* to trial upon the pending charge." (Emphasis added.) The state argues that ORS 135.763(1) applies to persons who are incarcerated and impliedly does not apply once a person is no longer confined. The state concludes that, once defendant was released from custody on June 11, 2003, he was no longer an inmate entitled to a trial in 90 days under ORS 137.763(1).

Our task, then, is to determine the intent of the legislature in requiring the state to "bring the inmate to trial" under ORS 135.763(1). ORS 174.020(1)(a). Did the legislature intend that a person qualify as an inmate both at the time of any required trial, as well as the time that a trial was demanded under ORS 135.760, or only at the time of the demand? We discern that legislative intent by examining the text and context of ORS 135.763(1), giving words of common usage their "plain, natural, and ordinary meaning." *PGE v. Bureau of Labor and Industries*, 317 Or 606, 611, 859 P2d

---

[5] Though good cause for a continuance may have existed, the record does not contain any explanation for the delay, and the state did not argue below that the delay was justified by good cause under ORS 135.763(2).

1143 (1993). The context of a statute includes other provisions of the same law, as well as related statutes. *Id.* If the legislative intent is not apparent from that examination, we then look to the legislative history of the statute for evidence of legislative intent. *Id.* at 611-12; ORS 174.020(3).

■       The meaning of "inmate" as used in ORS 135.763(1) is plain. An "inmate" is "a person confined or kept in an institution." *Webster's Third New Int'l Dictionary* 1930 (unabridged 2002). The ambiguity in ORS 135.763(1) is whether the status of being an "inmate" is determined solely at the time trial is requested under ORS 135.760(1) or whether that status must be maintained up to the time of trial. The text of ORS 135.763(1) and its context, the set of statutes regulating the prosecution of prisoners, ORS 135.760 through 135.773, suggests that "the inmate" who must be brought to trial is a person who retains the status described by ORS 135.760 during the 90-day period.

First, the term "the inmate" is defined by ORS 135.760(1) as a person in custody. Again, ORS 135.760(1) provides:

> "Any inmate in the custody of the Department of Corrections or of the supervisory authority of a county pursuant to a commitment under ORS 137.124 (2) against whom there is pending at the time of commitment or against whom there is filed at any time during imprisonment, in any court of this state, an indictment, information or criminal complaint charging the inmate with the commission of a crime, may give written notice to the district attorney of the county in which the inmate is so charged requesting the district attorney to prosecute and bring the inmate to trial on the charge forthwith."

Under that statutory subsection, "the inmate" is an "inmate in the custody of the Department of Corrections or the supervisory authority of a county pursuant to a commitment under ORS 137.124(2)," who gives notice to the district attorney. ORS 137.760(1) refers to that in-custody person twice as "the inmate." It is likely that ORS 135.763(1) uses "the inmate" to refer to a person with that same status—a person who is presently incarcerated.

■ Second, ORS 135.763 and ORS 135.765 use both "inmate" and "defendant" to refer to an inmate under prosecution who seeks a trial in 90 days under ORS 135.763. ORS 135.763(2) requires the court to grant any reasonable continuance "with the consent of the defendant" or by motion of the district attorney or on the court's own motion for good cause "[n]otwithstanding the defendant's lack of consent * * *." ORS 135.765(1) requires the court to dismiss "[o]n motion of defendant * * * any criminal proceeding not brought to trial in accordance with ORS 135.763." Generally, when the legislature uses two different terms in a statute, those words should be interpreted to give effect to both. *State v. Stallcup*, 341 Or 93, 99, 138 P3d 9 (1996). Accordingly, two different words should be construed to have two particular meanings.

Within ORS 135.760 to 135.773, "defendant" is used to describe a person who makes motions or gives consent. On the other hand, "inmate" is used when referring to a demand for trial or to the trial proceeding: ORS 135.760(1) ("bring the inmate to trial"); ORS 135.763(1) ("bring the inmate to trial"); ORS 135.765(2)(a) ("failure to bring the inmate to trial"); ORS 135.765(2)(b) ("the inmate is unavailable for trial"); ORS 135.767(1)(a) ("presence of an inmate * * * is necessary in any criminal proceeding under ORS 135.760 to 135.773") ("the county where the inmate is to be tried"); ORS 135.770 ("inmate * * * released pending a criminal proceeding under ORS 135.760 to 135.773"). Thus, the choice to use "inmate," as opposed to "defendant," in ORS 135.763(1) in requiring that the state "within 90 days of receipt of the notice, bring the inmate to trial upon the pending charge" suggests that "the inmate" is a person who retains that status.

Third, ORS 135.765(2) states exceptions to the requirement in ORS 135.765(1) that the court dismiss "any criminal proceeding not brought to trial in accordance with ORS 135.763." One of those exceptions, ORS 135.765(2)(b), is "[w]hen the inmate is unavailable for trial, other than by imprisonment, or because of other pending criminal proceedings against the inmate." The text "the inmate is unavailable for trial" implies that the status of "the inmate" as incarcerated continues until trial. Similarly, the modifying phrase "other than by imprisonment" contemplates a continuing imprisonment of "the inmate."

Finally, ORS 135.767 provides for transport and return of an inmate from the custody of one county or state correctional facility to another for the purposes of appearing at a criminal proceeding under ORS 135.760. ORS 135.770 then provides that "[n]o inmate in the custody of a sheriff under ORS 135.767 shall be released pending a criminal proceeding under ORS 135.760 to 135.773 or any appeal therefrom." Under ORS 135.770, the legislature did not intend for a defendant to be released after the defendant has invoked a right to a 90-day trial as an inmate, even if a defendant might otherwise qualify for release in that county. That indicates a presupposition that a defendant still continues to serve a sentence of incarceration.

ORS 135.760 to 135.773, as a whole, apply to an "inmate," an incarcerated felon who is charged with new crimes. That context compels a construction of the requirement to "bring the inmate to trial" in ORS 135.763(1) to refer only to a person who is incarcerated at the time of trial. To whatever extent any ambiguity persists, that construction is supported by the legislative history of the statute.

*Former* ORS 134.510 to 134.750, *renumbered as* ORS 135.760 to 135.773, were adopted in 1955, Oregon Laws 1955, chapter 387, and originally codified as ORS 134.510 to 134.560. The statutory text has not been amended in any significant way since 1955. The only extant legislative history from 1955 is a notation in the minutes of the Senate Judiciary Committee the day before the statute was passed. The relevant portion of the minutes provides:

> "Senator Francis spoke on this bill which makes provisions for prosecution of persons imprisoned for crimes who are charged with the commission of other crimes. The inmate could request the District Attorney to make prosecution for such other crimes while he is imprisoned so that upon parole he will have a clean record. Sen. Francis stated the Parole Board felt this would be helpful to persons being released from a correctional institution."

Minutes, Senate Judiciary Committee, Apr 18, 1955, 1. That history supports the conclusion that ORS 135.763(1) does not apply to a defendant who has been released from custody pending trial on new charges. The provision was intended to

ensure that all proceedings against an inmate would be concluded before the inmate was paroled; if an inmate had already been released and paroled, then the concern underlying the statute would no longer be present.

Our construction of ORS 135.763(1) is consistent with *State v. Hunter*, 316 Or 192, 199-200, 850 P2d 366 (1993). In *Hunter,* the Supreme Court held that, "[o]nce a district attorney has received an inmate's notice requesting speedy trial under ORS 135.760 to 135.765, four scenarios are possible, only one of which requires dismissal under ORS 135.765." *Id.* The three scenarios not requiring dismissal are the following: (1) the inmate is brought to trial in 90 days; (2) the inmate is not brought to trial within 90 days because of one or more continuances of the trial granted in accordance with ORS 135.763(2); and (3) the inmate is not brought to trial within 90 days, but the inmate has waived any right to early trial under ORS 135.760 to 135.765. However, if "trial occurs beyond the 90-day period, and there was neither a continuance of the trial beyond that period granted in accordance with ORS 135.763(2), nor a waiver of the speedy trial right by the defendant, ORS 135.765 requires dismissal." *Hunter*, 316 Or at 199-200. Defendant argues that the present case does not factually match one of the three scenarios not requiring dismissal, so the *Hunter* rule requires that the charges against defendant be dropped.

We read *Hunter* to presuppose that a defendant remains in custody throughout the ORS 135.760 to 135.765 processes. The court, like the statute, framed its analysis in terms of the rights of an "inmate" and did not address whether a person who is no longer an inmate would still be entitled to the 90-day statutory time frame for trial.

In sum, the text and context of ORS 135.763(1) require a construction of "bring the inmate to trial" that obligates the state to try within 90 days only an incarcerated person. An inmate released before the demanded trial occurs would still be entitled to statutory and constitutional "speedy trial" rights afforded to all persons. *See* ORS 135.745 to 135.750; Or Const, Art I, § 10. But the right to a trial within 90 days afforded to inmates under ORS 135.760 to 135.773 applies only so long as the person retains the status of being

an inmate. In this case, defendant was released from custody after making a proper request under ORS 135.760, but before the 90-day time limit for his trial had expired. His release took him outside the protections offered by ORS 135.760 to 135.765 and relieved the state of its obligation to try him within 90 days of receiving his request. The trial court did not err in denying the motion for dismissal for failure to bring defendant to trial within 90 days under ORS 135.765.

Affirmed.